285 So.2d 601 (1973)
In re FLORIDA WORKMEN'S COMPENSATION RULES OF PROCEDURE.
No. 44637.
Supreme Court of Florida.
November 14, 1973.
PER CURIAM.
Appended to this order are Workmen's Compensation Rules of Procedure approved by the Industrial Relations Commission of the State of Florida and voluntarily submitted to this Court for examination and approval.
A Judge of Industrial Claims is a quasi-judicial officer under the authority of Florida Statutes, Section 20.17(7), F.S.A., whose duties are devoted exclusively to the trial and disposition of workmen's compensation claims of industrial employees. The Industrial Relations Commission created as aforementioned is a quasi-judicial body devoted exclusively to a review of orders of Judges of Industrial Claims in workmen's compensation proceedings under principles announced by the appropriate appellate courts and statutes of the State of Florida, and the review of orders of appeals referees in unemployment compensation proceedings. The workmen's compensation proceedings aforementioned are subject to review by the Supreme Court of Florida (Florida Statutes, Section 440.27(1), F.S.A.). Rules of the Industrial Relations Commission are the guidelines under which such records are made for this Court and we, therefore, have a direct interest in them. Section 2(a), Article V, Constitution of Florida (1973), F.S.A., provides, "The Supreme Court shall adopt rules for the practice and procedure in all courts... ."
In workmen's compensation cases, we, therefore, have a duplicitous situation where the litigation is quasi-judicial at one level and judicial when it reaches this Court. Because the total authority in workmen's compensation cases involves the review on appeal of the Judges of Industrial Claims and the Industrial Relations Commission, we deem such litigation to be more judicial than quasi-judicial. The Industrial Relations Commission, working in cooperation with a Committee of The Florida Bar, has prepared and adopted a set of rules for practice and procedure before the Commission and the *602 Judges of Industrial Claims and have presented same to this Court for perusal, examination, and approval.
Rules of the Department of Commerce, Chapter 8-1, provide:
"8-1.01 Adoption of Rules of Procedure in Workmen's Compensation Cases. The practice and procedure in all Workmen's Compensation causes before judges of industrial claims and before the Industrial Relations Commission is and shall be governed by rules adopted by the Industrial Relations Commission and registered with the Department of State."
In view of all the foregoing, we have examined the proposed rules of practice and procedure which are attached hereto for the quasi-judicial process abovementioned and find them to be satisfactory and appropriate.
It is, therefore, ordered and adjudged that the rules of practice and procedure aforementioned and which are appended to this order and which have been approved by the Industrial Relations Commission have the approval of this Court to the extent authorized in the Constitution and will be, upon the effective date, in full force and effect until amended as provided by law, and all conflicting rules are hereby superseded.
It is further ordered that the attached rules shall become effective upon a date to be determined by the Industrial Relations Commission.[1]
It is so ordered.
CARLTON, C.J., and ROBERTS, ERVIN, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.

 STATE OF FLORIDA
 WORKMEN'S COMPENSATION RULES OF PROCEDURE[*]
 TABLE OF CONTENTS
 OLD RULE
 RULE NUMBER
NUMBER TITLE PAGE OR NEW 
 1 ADOPTION 1 New
 2 CAPTION 2 New
 3 DEFINITIONS 3 New
 4 COMPUTATION
 OF TIME 4 New
 5 CLAIMS FOR
 COMPENSATION 5 1.12
 6 NOTICE TO
 CONTROVERT 6 1.14
 7 APPLICATION FOR
 HEARING 7 1.13
 8 PROSECUTION
 OF CLAIMS 8 1.03
 9 APPEARANCE &
 WITHDRAWAL
 (ATTYS.) 9 1.23
 10 COPIES FURNISHED
 (by J.I.C. and
 I.R.C.) 10 New
 11 MEDICAL REPORTS 11 1.20
 12 PENALTIES &
 WAIVER 12 1.21
 13 AVERAGE WEEKLY
 WAGE 13 1.15
 14 PRESENT VALUE
 (FUTURE PAYMENTS) 14 1.22
 15 EVIDENCE AND
 RULINGS 15 1.02
 16 AGREEMENTS 16 1.01
 17 ADVANCE PAYMENTS
 & DISCHARGE 17, 18, 19, 20 1.16
 18 REIMBURSEMENT 21 1.09
 19 LOSS OF VISION 22 1.17
 20 TRANSPORTATION 23 1.18
 21 INTEREST 24 1.19
 22 APPLICATION FOR
 REVIEW; CROSS-APPLICATIONS 25 1.04
 23 APPEALS, TRANSCRIPT 26, 27, 28 1.06
 24 RECORD, CORRECTIONS 29 New
 25 JURISDICTION 30 New
 26 BRIEFS 31, 32 1.05
 27 ORAL ARGUMENT 33 1.05
 28 MOTION PRACTICE 34 New
 29 BOND 35 1.08
 30 RULES PENALTY 36 1.11

RULE 1

ADOPTION
These Rules, adopted and promulgated pursuant to the legal authority of the Industrial Relations Commission and approved by the Supreme Court of Florida, *603 shall govern all workmen's compensation proceedings in and before the judges of industrial claims and the Industrial Relations Commission, which Commission shall adopt and adhere to procedures in force in the Supreme Court of Florida and the District Courts of Appeal.

RULE 2

CAPTION
These Rules shall be cited as Workmen's Compensation Rules of Procedure, or abbreviated as W.C. Rules of Procedure.

RULE 3

DEFINITIONS
Throughout these rules, unless the context or subject matter otherwise requires:
(a) "Bureau" means the Bureau of Workmen's Compensation of the Division of Labor.
(b) "Clerk" means the Clerk of the Industrial Relations Commission.
(c) "Commission" means the Industrial Relations Commission.
(d) "Division" means the Division of Labor of the Florida Department of Commerce.
(e) "Filing" means actual placement with the Commission, a judge of industrial claims, or Bureau, as the context of the applicable statute or rule requires (either by personal delivery or by mailing.)
(f) "Judge" means a judge of industrial claims.
(g) "Record on appeal" means, in addition to the order on appeal, the transcript of proceedings before the judge of industrial claims, inclusive of the exhibits and other matters of record that are certified by the judge as constituting the appellate record in the proceeding, or in the absence of same, a stipulated record certified as the record on appeal by the judge of industrial claims in supercession of Section 120.24(2), Florida Statutes, F.S.A.
"Service" shall be as provided in Rule 1.080(b), Florida Rules of Civil Procedure, 30 F.S.A.
(i) In construing these rules, where the context indicates, the singular includes the plural and vice versa, and the masculine includes the feminine and neuter and vice versa.

RULE 4

COMPUTATION OF TIME
(a) When service is effectuated by mail, three days shall be added to the time allowed for the performance of any act required to be done, or allowed to be done, within a certain time after service, exclusive of Saturdays, Sundays or legal holidays.
(b) If any act required to be done, or allowed to be done, falls upon a Saturday, Sunday or legal holiday, performance of said act shall be required upon the next regular working day.

RULE 5

CLAIMS FOR COMPENSATION
Claims for compensation shall be filed with the Bureau, and shall contain the name, social security number, and address of the employee, the name and address of the employer, and a statement of the time, place, nature and cause of the injury or such fairly equivalent information as will put the Bureau and the employer on notice concerning the identity of the parties and the nature of the claim. The claim may be made on the form prescribed therefor by *604 the Bureau, but any instrument setting forth substantially the information required by this rule shall constitute a valid claim. Copies of claims may be served upon the employer or carrier concurrently with the filing thereof with the Bureau.

RULE 6

NOTICE TO CONTROVERT
If the employer or carrier has not controverted the claim pursuant to Section 440.20(4), Florida Statutes, F.S.A., and regulations relating to reports to be filed with the Bureau, and a claim for compensation and/or application for hearing on a claim is filed with the Bureau pursuant to Rule 5 or Rule 7, upon receipt of notice of a claim or application for hearing the employer or carrier shall forthwith accept such claim as compensable and begin with payment of compensation or file with the Bureau a notice to controvert payment of compensation on the form prescribed therefor by the Bureau (Form WCC-12), or in substantially similar form, stating the Bureau's claim number, the name of the claimant, the name of the employer, the date of the alleged accident or death, that the claim is controverted, and the specific ground upon which it is controverted. Copies of the notice shall be served upon all interested parties and a certificate of such service shall be made a part of the original notice filed with the Bureau. Failure to file notice to controvert may be considered in assessing any penalties found to be due.

RULE 7

APPLICATION FOR HEARING ON CLAIM
An application for hearing concerning a claim, made pursuant to Section 440.25(3) (a), Florida Statutes, F.S.A., shall state concisely in separate numbered paragraphs the reasons for requesting hearing, and the questions at issue or in dispute which the applicant expects the judge to hear and determine, with sufficient particularity that the responding or opposing parties may be notified of the purpose of the hearing, including the issues to be heard and determined. Such application shall be made on the form prescribed therefor by the Bureau or in substantially similar form containing the information required by this rule. The original and one copy shall be filed with the Bureau at Tallahassee, and a copy shall be served on counsel for each party and a copy upon any party not represented by counsel.

RULE 8

PROSECUTION OF CLAIM BEFORE JUDGE OF INDUSTRIAL CLAIMS
(a) When a claim for compensation or medical benefits is filed with the Bureau, claimant shall diligently prosecute his claim. If the testimony of the parties is not concluded within ninety days from the date set for the first hearing, the claim shall thereupon be determined by the judge on the evidence which has been submitted. For good cause shown, the judge may grant such extension of time as may be reasonably required, provided application therefor is made by any party by petition filed with the judge prior to the expiration of the said ninety-day period. In no event shall the time be extended on the application of any party beyond eight months, from the date set for the first hearing to take the testimony. This time limitation shall also apply to cases arising under F.S. Section 440.28, F.S.A., and to cases on remand to a judge when a hearing is set to take additional testimony, but shall not apply to cases where proof is presented to the judge showing that the party is in such physical or mental state that he cannot testify during the period above limited.
(b) When a hearing has been set by a judge, all parties shall present their testimony on the date set for from day to day thereafter. If a motion for continuance is made or the parties or their counsel *605 agree to a continuance of the cause, the same must be considered by the judge and if he finds that the continuance is in the best interests of justice, and does not prejudice the rights of any of the parties, the continuance may be granted within the time limited herein for taking testimony, or any extension of the time.

RULE 9

APPEARANCE AND WITHDRAWAL OF ATTORNEYS
(a) An attorney who had filed a claim on behalf of an injured employee or has filed an appearance for any party or has otherwise become an attorney of record for any party to a workmen's compensation cause shall remain attorney of record in said cause and shall not be permitted to withdraw from the cause unless he shall first file with the judge a written motion for withdrawal setting forth the reasons therefor, serving a copy of said motion upon the movant's client and counsel for the adverse party, and shall then obtain from the judge an order granting said motion for withdrawal. If an application for review is pending in the cause the motion shall be filed with the Commission, which shall enter an appropriate order thereon.
(b) Notice of appearance shall be filed by any successor, or associated attorney, prior to or concurrently with the filing of any pleading or presentation of oral argument to or before a judge or the Commission.

RULE 10

COMMISSION OR JUDGE TO FURNISH COPIES OF ORDERS
The Commission, or the judge, shall furnish to all interested parties and attorney of record, by registered or certified mail, copies of all orders and awards, together with the mailing date noted thereon.

RULE 11

MEDICAL REPORTS
(a) All medical reports obtained or received by the employer, the carrier, the injured employee, or the attorney for any of them, with respect to the remedial treatment, care and attendance of the injured employee, including reports of every examination, diagnosis, or disability evaluation, shall be filed with the Bureau within five (5) days after receipt of same. A medical report not previously filed with the Bureau will not be received in evidence in a contested case unless the party offering same has furnished a copy thereof to the opposing party or his attorney at least five (5) days prior to the hearing at which it is offered.
(b) Medical reports furnished upon demand to injured employees or their attorneys, pursuant to Section 440.13(1), Florida Statutes, F.S.A., shall be without charge to the injured employee, except actual cost to the physician or hospital furnishing same.

RULE 12

PENALTIES UNDER SECTION 440.20(5) DEEMED WAIVED UNLESS SPECIFICALLY CLAIMED
When any installment of compensation payable without an award has not been paid within fourteen (14) days after it became due and the claimant concludes the prosecution of his claim before a judge without having specifically claimed additional compensation in the nature of a penalty under Section 440.20(5), Florida Statutes, F.S.A., he will be deemed to have acknowledged that owing to conditions over which the employer had no control such installment could not be paid within the period prescribed for the payment and to have waived his right to claim such penalty; provided that during the course of a hearing the judge on his own motion may raise the question of whether such penalty *606 should be awarded or excused. If no claim for such penalty is presented and the judge does not raise the question on his own motion during the hearing, no penalty will be awarded and it will be deemed that the judge has excused such delay in payment of compensation pursuant to said Section 440.20(5).

RULE 13

DETERMINATION OF AVERAGE WEEKLY WAGE AND WEEKLY COMPENSATION RATE
(a) The phrase, "substantially the whole of thirteen weeks," as used in Section 440.14(1), Florida Statutes, F.S.A., shall be deemed to mean and refer to a constructive period of thirteen weeks as a whole, i.e., a consecutive period of ninety-one days, and "during substantially the whole of thirteen weeks" shall be deemed to mean during not less than 90 percent of the total customary full-time hours of employment within such period considered as a whole.
(b) The phrase "weekly compensation rate" shall be deemed to mean and refer to the amount of compensation payable for a period of seven consecutive days, including any Saturdays, Sundays, holidays, or other nonworking days which fall within such period of seven consecutive days. When Saturdays, Sundays, holidays, or other nonworking days immediately follow "the first seven days of disability" or occur at the end of a period of disability as the last day or days of such period, such nonworking days constitute a part of the period of disability with respect to which compensation is payable.

RULE 14

DETERMINATION OF PRESENT VALUE OF FUTURE PAYMENTS
In determining the present value of future payments of compensation computed at four percent true discount compounded annually pursuant to Section 440.20(10), Florida Statutes, F.S.A., the probability of the death of the injured employee or other person entitled to compensation before the expiration of the period during which he is entitled to compensation shall, in the absence of special circumstances making such course improper, be determined in accordance with the most recent United States Life Tables published by the National Office of Vital Statistics of the U.S. Department of Health, Education, and Welfare.

RULE 15

ADMISSIBILITY OF EVIDENCE; RULINGS OF JUDGE OF INDUSTRIAL CLAIMS; EFFECT OF NO RULING BY JUDGE OF INDUSTRIAL CLAIMS; PRETRIAL PROCEDURES
(a) Whenever a question of the admissibility of evidence is presented for consideration of the judge, he shall promptly rule on it. If an objection is made and not ruled upon by the judge, the ruling will be presumed to be adverse to the party making the objection, and that exception was noted.
(b) Voluminous or cumbersome exhibits will not be received in evidence unless their use is unavoidable. The Bureau file with respect to a claim will not be received in evidence as an entirety, and any party proffering same will be required to designate the part or parts thereof he deems necessary and material to the issues. When any record, report, or other document is offered in evidence and it appears that request may be made later to withdraw same from the Bureau file (for example, hospital records for return to the hospital), the judge may require that the party offering such exhibit furnish a photostatic copy or other acceptable copy thereof for the permanent record of the proceeding.
(c) Evidence which has been offered but ruled inadmissible may be proffered but shall be clearly identified as such by the judge.
*607 (d) Judges may conduct pretrial proceedings in such manner as to best ascertain the rights of the parties.

RULE 16

AGREEMENTS
All agreements, stipulations, and waivers to be valid: (1) must be in writing and signed by the parties or their attorneys and filed with the judge or the Commission, or (2) must be in the presence of the judge or the Commission, and be reduced to writing, or (3) dictated in the record in the presence of the judge at a hearing, or before any authorized officer at a deposition.

RULE 17

ADVANCE PAYMENTS OF COMPENSATION; AND DISCHARGE OF LIABILITY FOR COMPENSATION BY LUMP SUM PAYMENT
(a) Liability of an employer for future payments of compensation shall not be discharged by advance payment unless prior approval of the Bureau has been obtained as hereinafter provided. The approval shall not constitute an adjudication of the claimant's percentage of disability.
(b) When the claimant has reached maximum recovery and returned to his former or equivalent employment with no substantial reduction in wages, such approval of a reasonable advance payment of a part of the compensation payable to the claimant may be given informally by letter by a judge, by the Bureau chief, or the administrator of claims, of the Bureau.
(c) When the claimant has not returned to the same or equivalent employment with no substantial reduction in wages or has suffered a substantial loss of earning capacity, or a physical impairment, actual or apparent:
1. An advance payment of compensation not in excess of $2,000 may be approved informally by letter, without hearing, by any judge or by the Bureau chief, or by the administrator of claims, of the Bureau.
2. An advance payment of compensation not in excess of $2,000 may be ordered by any judge after giving the interested parties opportunity for a hearing thereon pursuant to not less than ten days' notice by registered or certified mail (unless such notice is waived), and after giving due consideration to the interests of the person entitled thereto; and when the parties have stipulated to an advance payment of compensation not in excess of $2,000, such advance may be approved either by an order of a judge, with or without hearing, or informally by letter by any such judge, or by the chief of the Bureau, if such advance is found to be for the best interests of the person entitled thereto.
3. When the parties have stipulated to an advance payment in excess of $2,000 subject to approval of the Bureau, an advance payment of compensation in excess of $2,000 may be approved by a judge by order if he finds that same is for the best interests of the person entitled thereto and is reasonable under the circumstances of the particular case. The judge shall make or cause to be made such investigations as he considers necessary concerning the stipulation, and in his discretion may have an investigation of the matter made by the rehabilitation section of the Bureau. The stipulation and the report of any investigation shall be deemed a part of the record of the proceedings.
(d) When an application for an advance payment in excess of $2,000 is opposed by the employer or carrier, it shall be heard by a judge after giving the interested parties not less than ten days' notice of such hearing by registered or certified mail (unless such notice is waived). In his discretion the judge may have an investigation of the matter made by the rehabilitation section of the Bureau, in which event the *608 report and recommendation of said section will be deemed a part of the record of the proceedings. If the judge finds that such advance payment is for the best interests of the person entitled to compensation, will not materially prejudice the rights of the employer and carrier, and is reasonable under the circumstances of the case, he may order same paid.
(e) When a person entitled to compensation requests that the liability of the employer for such compensation be discharged by the payment of a lump sum equal to the present value of all future payments of compensation payable to him, pursuant to Section 440.20(10), Florida Statutes, F.S.A., such application shall be considered and determined in accordance with the provisions of this rule relating to advance payment of part of the compensation.
(f) Upon joint petition of all interested parties and after giving due consideration to the interests of all interested parties, if he finds that it is for the best interests of the person entitled to compensation the judge may enter a compensation order approving and authorizing the discharge of the liability of the employer for both compensation and remedial treatment, care and attendance by the payment of a lump sum equal to the present value of all future payments for both compensation and remedial treatment, care and attendance; and a compensation order so entered upon joint petition of all interested parties shall not be subject to modification or review under Section 440.28, Florida Statutes, F.S.A., if so stipulated by the parties and so ordered by the judge after finding that such provision is clearly for the best interests of the person entitled to compensation, as provided in subsection (g) of this Rule.
(g) The judge shall make or cause to be made such investigations as he considers necessary in each case in which the parties have stipulated that a proposed final settlement of all liability of the employer shall not be subject to modification or review under Section 440.28, Florida Statutes, F.S.A., to determine whether such final disposition will definitely aid the rehabilitation of the injured worker or otherwise is clearly for the best interests of the person entitled to compensation, and in his discretion may have an investigation made by the rehabilitation section of the Bureau. The joint petition and the report of any investigation so made will be deemed a part of the proceeding.
(h) A judge, in his discretion, may hear testimony relating to a proposed stipulation for settlement under Section 440.20(10), Florida Statutes, F.S.A., without having in hand the Bureau file; however, he shall in no event enter an order thereon without first having reviewed the Bureau file.

RULE 18

REIMBURSEMENT OF EMPLOYER OUT OF BENEFITS RECOVERED BY CLAIMANT WHERE THE EMPLOYER HAS VOLUNTARILY MADE PAYMENT OF COMPENSATION
When an employee is injured and the employer pays his full wages or any part thereof during the period of disability, or pays medical expenses for such employee, and the case is contested by the carrier, and/or the carrier and employer, and thereafter the carrier, either voluntarily or pursuant to an award, makes a payment of compensation or medical benefits, the employer shall be entitled to reimbursement to the extent of the compensation paid or awarded, plus medical benefits, if any, out of the first proceeds paid by the carrier in compliance with said voluntary payment or award, provided the employer furnishes satisfactory proof to the Judge or the Commission of such payment of compensation and medical benefits. Any payment by the employer over and above compensation paid or awarded and medical benefits, pursuant to Section 440.20(11), Florida Statutes, F.S.A., shall be considered a gratuity.

*609 RULE 19

DETERMINATION OF PERCENT OF LOSS OF VISION
Compensation for loss of eighty percent or more of the vision of an eye shall be the same as for loss of the eye, and in determining percent of loss of the vision of an eye the percent of loss computed according to the standards and measurements approved by the Opthalmological Section of the American Medical Association, shall be prima facie evidence of the percent of loss, provided that percent of loss computed according to the standards and measurements approved by other recognized authorities in the field may be considered. The factors to be considered shall include, but are not limited to, visual acuity for distance, visual acuity for near, visual field efficiency, and muscle function efficiency; and may include such other functions as depth perception, stereoscopic vision, fusion sense, color perception, adaptation to light and dark, and accommodation.

RULE 20

TRANSPORTATION EXPENSE INCIDENT TO REMEDIAL TREATMENT
An injured employee is entitled as a part of his remedial treatment, care, and attendance to reasonable actual cost of transportation to and from the doctor's office, hospital, or other place of treatment. Ordinarily this should be on the basis of reimbursement of actual cost by the most economical means of transportation available and suitable in the individual case, such as bus, taxi, train or other common carrier. When the employee is entitled to such reimbursement for transportation by private automobile, he shall be required to submit evidence as to the actual cost of such travel expenses, unless the parties agree upon a rate per mile for such travel. In the absence of proof it will be presumed that the actual cost is the amount allowed by the State to employees for official travel.

RULE 21

INTEREST ON PAST DUE INSTALLMENTS OF COMPENSATION
If any installment of compensation is not paid when due the employer or carrier shall pay interest thereon at the rate of six per cent (6%) per annum from date same became due until paid, whether such installment is payable without an award or under the terms of an award.

RULE 22

APPLICATION AND CROSS-APPLICATION FOR REVIEW; PROOF OF SERVICE
(a) Application for review of an order of a judge must be filed with the Commission or a judge within twenty days after the date copies of the judge's order are mailed to the parties at the last known address of each. Any appellee who desires review of any adverse ruling by the judge must file his cross-application for review with the Commission or a judge within ten days after filing of the application for review. Applications and cross-applications for review must state concisely and particularly the grounds upon which the parties rely, but any application in writing setting forth substantially the information required by this rule so as to put all parties on notice of the issues on appeal shall constitute a valid application or cross-application.
(b) A true copy of all applications and cross-applications for review shall be served on all other interested parties and proof of service thereof shall accompany all applications and cross-applications when filed.

*610 RULE 23

APPEALS TO INDUSTRIAL RELATIONS COMMISSION; TIME TO FILE TRANSCRIPT; SERVICE AND COST; HOW RELIEVED OF COST
(a) The appellant, pursuant to the direction of the judge, shall have the original and one copy of the transcript of evidence adduced at the hearing before the judge or, absent same, a stipulated record per Rule 3(g), W.C. Rules of Procedure, filed with the Commission within forty-five days from the date of filing of the application for review, unless the judge on his own motion or for good cause shown by verified petition presented prior to the expiration of said period, shall extend the time therefor. The judge shall have a copy of the transcript served on each party or his attorney and a certificate of service thereof shall be filed with the transcript when filed with the Commission. Service of the transcript upon the employer or the carrier or the attorney therefor shall, unless the posture of the litigation dictates otherwise, constitute satisfaction of this Rule with respect to the employer and carrier.
(b) Within ten days after the filing of the application for review, the judge shall notify the appellant or his attorney of the amount of cost required for the preparation of the required transcript of the evidence adduced at the hearing and the necessary copies thereof and the appellant shall, within twenty days after such notice has been mailed by the judge, deposit with the judge or the official reporter the sum so required. Upon failure of the appellant to make the deposit required by the judge, the judge shall certify such fact promptly to the Commission and the application for review shall thereupon stand dismissed by appropriate order.
(c) The appellant may be relieved of making a deposit and paying all or a part of the cost for the preparation of the transcript of the evidence and copies required under subsection (b) of this Rule, provided within twenty days after the mailing of notice by the judge as to the amount of the deposit so required for the preparation of the transcript and copies, he makes and files with the judge a verified petition attesting that he is unable to pay the cost thereof, either in whole or in part, including therein a detailed statement of his assets and liabilities, which petition shall be accompanied by a certificate by his attorney (or by him if he is not represented by an attorney) certifying that in his opinion there are reasonable grounds for appeal and setting forth the grounds with particularity, together with proof of service of a true copy of such petition upon the opposing parties or their attorneys at or before the time of filing thereof. The judge shall promptly give the parties not less than five days' notice of the time and place of the hearing upon the petition, and when practicable such hearing date shall be not more than ten days following date of filing of the petition. Thereupon the judge will hear such evidence as petitioner or any adverse parties may offer and shall determine, by order, within a period of five working days whether such petition shall be granted. Upon the basis of the evidence the judge may deny the petition, may relieve the appellant of paying all of such cost, or may relieve the appellant of paying a part of such cost and require that he pay the remainder thereof. The twenty-day period for depositing the amount of cost so required and the forty-five-day period for the preparation of the transcript hereinabove provided shall be tolled during the period from the date of the filing of such petition until ten days after the order thereon has been filed with the Commission, or if an appeal is taken, within ten days after the order becomes final.
(d) If the claimant prevails on appeal, he shall be entitled to reimbursement for his appellate costs.

*611 RULE 24

CORRECTIONS, AMENDMENTS OR SUPPLEMENTS TO RECORD
The record on appeal may be corrected, amended or supplemented by the judge to reflect the true state of the record pursuant to order of the Commission remanding the cause to him for such purpose, sua sponte, or upon receipt by the Commission of a motion requesting remand of the cause to the judge for such purpose. Any record on appeal so corrected, amended or supplemented shall be recertified to the Commission by the judge as the record on appeal. Refusal by the judge to alter the record as originally certified shall be by order entered by said judge, whereupon jurisdiction of the cause shall re-vest in the Commission.

RULE 25

JURISDICTION OF JUDGE OF INDUSTRIAL CLAIMS, APPEAL PENDING
(a) Upon application for review to the Commission of a compensation order of a judge, jurisdiction of the cause is vested in the Commission and the judge shall have no further jurisdiction, save with respect to preparation of the record on appeal, alteration thereof, cost of said preparation, and extension of time for filing of same.
(b) Upon stipulation of the parties, the judge may take testimony or cause to be investigated a proposal for settlement of all or any part of the cause before the Commission on review with the objective of determining whether or not, upon remand, he will approve such settlement proposal. Any order approving such settlement which is entered while an application for review is pending and prior to the remand of the cause to the judge entering such order shall be subject to final approval by the Commission.

RULE 26

BRIEFS  WHEN TO BE FILED AND CONTENTS
(a) Appellants' Main Brief. Within thirty (30) days after the filing of the transcript of proceedings before the judge, the appellant shall serve a copy of his brief upon the appellee and he shall file the original and one copy of his brief with the Commission, together with proof of service of a copy thereof upon the appellee, unless the Commission for good cause shown by motion filed prior to the expiration of said period shall extend the time therefor. Failure of the appellant to file a brief, together with proof of service, within the time specified or within such time as is allowed by the Commission pursuant to motion for extension of time as aforesaid, shall be cause for dismissal of the application for review upon motion of any interested party or by the Commission on its own motion.
(b) Appellee's Brief. Within twenty (20) days after service of a copy of the appellant's brief the appellee shall serve a copy of his brief upon the appellant and file the original and one copy of his brief with the Commission together with proof of service of a copy thereof upon the appellant unless the Commission for good cause shown by motion filed prior to the expiration of said period shall extend the time therefor. Failure of the appellee to file his brief, together with proof of service, within the time specified or within such time as allowed by the Commission pursuant to motion for extension of time as aforesaid, shall forfeit the right of appellee to oral argument, unless otherwise ordered by the Commission.
(c) Appellant's Reply Brief. If the appellant desires to submit a reply brief, within fifteen (15) days after service of a copy of appellee's brief, he shall serve a copy of his reply brief upon the appellee and he shall file the original and one copy of his reply brief with the Commission, together with proof of service of a copy thereof upon the appellee.
*612 (d) Cross-appellant shall include his argument on the cross appeal in the appellee's brief in the manner authorized in Florida Appellate Rule 3.7, 32 F.S.A. Appellant shall include his argument on the cross appeal in his reply brief, which shall be filed within fifteen (15) days after service of cross-appellant's brief. Within fifteen (15) days thereafter, cross-appellant may file reply brief to the cross-appellee's brief.
(e) The late filing of any brief shall be grounds for striking such brief, upon motion of any party or by the Commission upon its own motion.
(f) Briefs and Motions. Briefs and motions shall be filed with the Commission at its office in Tallahassee, Florida.
(g) Style and Contents of Briefs. The style and contents of briefs shall conform to the requirements of paragraphs e, f, g, and h, of Rule 3.7 of Florida Appellate Rules, except that appendices are not required.
(h) Points not Argued are Abandoned. Grounds stated in the application for review or cross-application which are not argued in the briefs are deemed abandoned and may not be argued orally.
(i) Party not Represented by Attorney. An appellant or appellee not represented by attorney may be excused by the Commission, in its discretion, from the filing of a brief.
RULE 27

ORAL ARGUMENTS  WHEN REQUESTED AND WHEN HEARD
(a) If oral argument is desired it shall be requested in writing at or prior to the time that the brief is filed.
(b) Oral arguments shall be heard beginning on the first Monday of each month and continuing on the immediately following days as determined by the Commission, unless otherwise designated by the Commission. In the event oral argument is requested, the parties shall be limited to fifteen (15) minutes to each side, unless further time is granted by the Chairman of the Commission.
(c) Oral argument in aid of the Commission's deliberations may be allowed or required at the discretion of the Commission in accordance with the requirements of Rule 3.10, subds. a and e of the Florida Appellate Rules.

RULE 28

MOTION PRACTICE AND PROCEDURE
(a) Any motion filed withe Commission shall be accompanied by a memorandum of law, save a joint motion for remand of jurisdiction for entry of an order pursuant to Section 440.20(10), Florida Statutes, F.S.A. The Commission may require oral argument.
(b) Motions raising bona fide issues of law and procedure may be filed with the Commission. Such motions shall be calendared and heard as promptly as possible in order that the case be heard or disposed of on the merits with the least delay.

RULE 29

APPROVAL OF APPEAL BONDS FROM ORDERS OF THE COMMISSION
The judge entering an award appealed from, or the chief of the Bureau of Workmen's Compensation, shall approve all supersedeas bonds required to be filed in appeal cases and shall notify the party filing such bond of his approval within five (5) days. In the event of disapproval, he shall notify the party posting the bond the reasons for the disapproval in order that the *613 objections may be complied with within five (5) days from receipt of the notice of disapproval of said bond.

RULE 30

PENALTY FOR FAILURE TO COMPLY WITH RULES
(a) Failure to comply with Rules 8, 22, or 23 shall be grounds for dismissal by the judge or the Commission upon motion of any party or by the judge or the Commission on their own motion.
(b) Any order entered by a judge pursuant to this Rule shall be subject to appeal in accordance with § 440.25(4)(a), Florida Statutes, F.S.A., and Rule 22 of these Rules.
NOTES
[1] The Industrial Relations Commission has fixed January 1, 1974, as effective date of the Rules.
[*] These Rules of Procedure are filed with the Secretary of State, according to the system of that office, as Series 8BW-1. ____ ____.