343 So.2d 1273 (1977)
In re WORKMEN's COMPENSATION RULES OF PROCEDURE.
No. 50633.
Supreme Court of Florida.
March 17, 1977.
*1274 Elmer O. Friday, Jr., Chairman, Leander J. Shaw, Jr., Commissioner, and Arthur C. Canaday, Commissioner of the Industrial Relations Commission of Florida, for petitioner.
PER CURIAM.
By petition the Chairman and members of the Industrial Relations Commission of Florida request this Court to adopt Workmen's Compensation Rules of Practice and Procedure before the Commission and the Judges of Industrial Claims. This petition is authorized under the provisions of Section 440.29(3), Florida Statutes, which was enacted by the Legislature in 1974, Ch. 74-197, § 16, Laws of Florida, and reads as follows:
"The practice and procedure before the commission and the judges of industrial claims shall be governed by rules adopted by the Supreme Court."
The petition describes the method and manner of the development of these rules by alleging:
"In the spring of 1976, at an assembly of the Judges of Industrial Claims, a committee of three of the Judges was designated to represent them and act as liaison with them in this project, pursuant to which Judges Arthur Seppi, Elwyn Akins, and Alan Kuker were nominated and did serve in that capacity. The Honorable Stephen Marc Slepin, former Chairman of this Commission and as Chairman of the Workmen's Compensation Section of The Florida Bar, actively participated in the development of these rules, and further nominated Steven Rissman to serve as Chairman of the Rules Committee of that Section, with members John Tomlinson and Richard Schwartz, who did serve diligently in behalf of the several hundred members of their Section. The Senior Judge of Industrial Claims of Florida, Thomas J. Carroll, and the members of the Industrial Relations Commission also served as a part of this Joint Rules Committee, the work product of which was, on several occasions, evaluated, debated, modified and thereafter distributed anew for further evaluation and recommendation.
"The Chairman and Members of the Industrial Relations Commission thereafter held public hearings, after notice, in the cities of Fort Lauderdale, Tampa and Tallahassee. After these hearings additional meetings of the Joint Rules Committee were held, and these proposed Rules, in substantially the attached form and format, were approved for recommendation to this Honorable Court for adoption."
The following Workmen's Compensation Rules of Procedure are hereby adopted and shall govern all proceedings within their scope after 12:01 a.m., July 1, 1977. These rules shall supersede all prior Workmen's Compensation Rules of Practice and Procedure.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, SUNDBERG, HATCHETT and KARL, JJ., concur.
ENGLAND, J., dissents with an opinion.
ENGLAND, Justice, dissenting.
I respectfully dissent from the Court's adoption of these rules of procedure. In so doing I am well aware that I may incur the enmity of innumerable members of the workmen's compensation trial bar and hosts of well-meaning officials in all branches of state government. Most of these people have had far more familiarity with the law of workmen's compensation than I, and have lived through torturous years developing *1275 procedures designed to provide benefits to injured claimants in a thorough, fair and expeditious manner. I am not insensitive to their desire to create a system of adjudicating workmen's compensation claims which is free of executive branch controls, judicious in its procedures, and administered by persons of dignity and competence. My concern is simply that these goals be achieved within the imperatives of the Florida Constitution.
The Constitution states in terms which are unequivocal that the judicial power of the state shall be vested in the Supreme Court, district courts of appeal, circuit courts and county courts. It goes on to state that "no other courts may be established by the state... ."[1] As if this were not sufficient to limit a diffusion of the state's judicial power, the same provision pointedly extends "quasi-judicial" power to commissions and administrative officers created by law, of which the most pertinent here are the judges of industrial claims and the Industrial Relations Commission. I discern a clear constitutional declaration that these officers have no "judicial power", and that the bodies in which they sit are not "courts".[2]
By what authority, then, do we derive the power to adopt rules of procedure for these administrative tribunals? Article V, Section 2(a) of the Florida Constitution states that:
"The supreme court shall adopt rules for the practice and procedure in all courts ... ." (emphasis added)
In 1973 this Court purported to adopt a predecessor set of rules for the Commission on the authority of this provision.[3] The justification for this action was the Court's view that litigation in workmen's compensation cases seems "more judicial than quasi-judicial".[4] (emphasis in the original) It seems clear to me, however, that this provision supplies no authority to adopt the Commission's rules notwithstanding the Court's characterization of the decisional process in this class of suits. The effect is directly contrary to the Constitution, for if this Court can determine at will which of the state's commissions, administrative officers or bodies are exercising powers "more judicial" than "quasi-judicial", Article V, Section 1 has no meaning.
Undoubtedly in part to quell the uncertainty surrounding the status of Commission rules, the 1974 Legislature purported to confer on this Court the authority to adopt rules for workmen's compensation matters.[5] But without constitutional underpinning the statute could not validly confer responsibility here. Article II, Section 3 of the Florida Constitution prohibits the exercise of any power pertaining to one of the three branches of government by any person belonging to one of the other branches.
As stated, an underpinning is not found in Article V, Section 2(a), which limits our rule-adopting authority to "courts". Thus, the 1974 statute is an invalid attempt to delegate non-judicial power to the judiciary unless there exists in the Constitution some other source of authority. My examination of that document reveals none.
I am aware, of course, that Article V, Section 3(b)(7) provides that the Court

*1276 "Shall have the power of direct review of administrative action prescribed by general law."
It is arguable that this language is broad enough to provide the missing legislative authority since the term "administrative action" generally includes the promulgation of agency rules.[6] The adoption of procedural rules by the Industrial Relations Commission, then, would seem to be a form of "administrative action" directly reviewable here.
The problem with this view is that the Commission did not adopt these rules; they presented them to us for adoption. The notion that "direct review" in the Constitution can mean wholesale "adoption" of an integrated set of procedures is seriously defective. If "review" connotes "adoption" for this agency, then our court could by legislative will be vested with responsibility for the adoption of procedural rules for every administrative or executive agency in the state. Further, if we are assigned adoption powers they necessarily carry with them amendment and repeal powers. This mass of non-judicial business, which is now largely dispatched in the executive branch through the office of the Secretary of State and the Division of Administrative Hearings of the Department of Administration,[7] could exhaust our resources if assignable here by legislative whim. More significantly, these activities are wholly inconsistent with the separation of powers and highly impractical. A division of rule-making authority between the Court and the executive branch on an agency-by-agency basis, subject to random legislative additions or withdrawals for each, simply makes no governmental sense.
A more sensible view of the term "review" in Section 3(b)(7) is that it holds the same significance there as in Section 3(b)(3). There it describes the traditional judicial function of appellate courts to assure that the individual acts of agencies and lower courts comport with current notions of fairness, such as meeting the essential requirements of law.[8] Individual agency rules may also be evaluated by these standards, of course.[9] But the basis for evaluation in all these cases is (1) a challenge by someone aggrieved by the agency's action who (2) invokes our jurisdiction to "review" what was done below for arbitrariness or the like. No such contested proceeding attends the wholesale adoption of rules.[10]
For the reasons expressed, I cannot find valid authority for the action we are asked to take. Even were these propositions debatable, the same reasons would persuade me to decline to exercise whatever discretionary authority I might have.

FLORIDA WORKMEN'S COMPENSATION

RULES OF PROCEDURE

(W.C.R.P.)

RULE 1. SCOPE AND TITLE
These rules, adopted and promulgated pursuant to the legal authority of the Supreme Court of Florida, shall govern all workmen's compensation proceedings in and before Judges of Industrial Claims and the Industrial Relations Commission.
These rules shall be cited as Workmen's Compensation Rules of Procedure, and may be abbreviated W.C.R.P.

RULE 2. DEFINITIONS
Throughout these rules, unless the context or subject matter otherwise requires:
*1277 (a) "Bureau" means the Bureau of Workmen's Compensation of the Division of Labor in Leon County, Florida.
(b) "Clerk" means the Clerk of the Industrial Relations Commission.
(c) "Commission" means the Industrial Relations Commission in Leon County, Florida.
(d) "Division" means the Division of Labor of the Florida Department of Commerce in Leon County, Florida.
(e) "Filing" means actual placement with the Commission, a Judge of Industrial Claims, or Bureau, as the context of the applicable statute or rule requires.
(f) "Judge" means a Judge of Industrial Claims.
(g) "Senior Judge" means the Senior Judge of Industrial Claims, as appointed by the Governor, and headquartered in Leon County, Florida.
(h) "Service" shall be as provided in the Florida Rules of Civil Procedure.
(i) In construing these rules, where the context indicates, the singular includes the plural and vice versa, and the masculine includes the feminine and neuter and vice versa.

RULE 3. COMPUTATION OF TIME
(a) Computation. In computing any period of time prescribed or allowed by these rules, by order or by applicable statute, the day of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included. If any act required to be done, or allowed to be done, falls upon a Saturday, Sunday, or legal holiday, performance of said act shall be required upon the next regular working day.
(b) Service by Mail. When "service" is effectuated by mail, five (5) days shall be added to the time allowed for the performance of any act required to be done, or allowed to be done, within a certain time after service. [This sub-section does not apply to the "filing" requirements of applications for review or petitions for writ of certiorari.]

RULE 4. CLAIMS FOR COMPENSATION
Claims for compensation shall be filed with the Bureau, and shall contain the name, social security number, and address of the employee, the name and address of the employer, and a statement of the time, place (including county), nature and cause of the injury or such fairly equivalent information as will put the Bureau and the employer on notice concerning the identity of the parties, claimants, and the nature of the claim.

RULE 5. NOTICE TO CONTROVERT
If the right to compensation is controverted, the employer shall, on or before the twenty-first day after it has knowledge of the alleged injury or death, file with the Bureau a notice to controvert in accordance with § 440.20(4), Florida Statutes. The notice to controvert shall state the Bureau's claim number, the name of the claimant, the name of the employer, the date of the alleged accident or death, that the claim is controverted, and the specific ground(s) upon which it is controverted. Copies of the notice shall be served upon all parties and a certificate of such service shall be made a part of the original notice filed with the Bureau. Failure to file notice to controvert shall be considered in assessing any penalties found to be due.

RULE 6. APPEARANCE AND WITHDRAWAL OF ATTORNEYS
(a) Appearance. Notice of appearance shall be filed by any successor, or associated attorney, prior to or concurrently with the filing of any pleading or presentation of oral argument to or before a Judge or the Commission.
(b) Withdrawal. An attorney who has filed a claim or has otherwise become an attorney of record for any party to a workmen's compensation cause shall remain attorney of record in said cause and shall not be permitted to withdraw from the cause *1278 unless he shall first file with the Judge a written motion for withdrawal setting forth the reasons therefor, serving a copy of said motion upon the movant's client and counsel for the adverse party, and shall then obtain from the Judge an order granting said motion for withdrawal. If an application for review is pending in the cause, the motion shall be filed with the Commission, which shall enter an appropriate order thereon.

RULE 7. APPLICATION FOR HEARING
An application for hearing concerning a claim, made pursuant to Chapter 440, Florida Statutes, shall state concisely in separate numbered paragraphs the reasons for requesting hearing, and the questions at issue or in dispute which the applicant expects the Judge to hear and determine, with sufficient particularity that the responding or opposing parties may be notified of the purpose of the hearing, including the issues to be heard and determined. Application for the first hearing or trial in a cause shall be filed with the Bureau at Tallahassee. Applications for any subsequent hearings or trials shall be filed with the Judge of Industrial Claims to whom the case has been assigned. A copy of the application shall be served on counsel for each party and a copy upon any party not represented by counsel. Failure to serve a copy of the application as required shall be grounds for a continuance or cancellation of the hearing.

RULE 8. NOTICE OF HEARING ON CLAIM
The Judge shall order a hearing upon application of any interested party. The Judge shall give the parties at least fifteen (15) days notice of the hearing, served upon the parties by mail. The notice of hearing shall state with particularity the questions at issue or in dispute which the Judge will hear and determine.

RULE 9. DISCOVERY
Depositions of witnesses or parties, residing within or without the state, may be taken and may be used in connection with proceedings under Chapter 440, Florida Statutes, either upon the order of a Judge, or at the instance of any party or prospective party to such proceedings. Depositions may be taken prior to the institution of a claim, if the claimant is represented by an attorney, or after the filing of the claim, in the same manner and for the same purposes as provided in the Florida Rules of Civil Procedure.

RULE 10. PRETRIAL PROCEDURE
(a) Generally. The Judge may, on his own motion, or on the motion of any party to the action, order a pretrial conference, at which the parties shall:
(1) State and simplify the claims, defenses, and issues.
(2) Make appropriate amendments to the claims and defenses.
(3) Stipulate and admit to such facts and documents as will avoid unnecessary proof.
(4) Present, examine, and mark for identification, all exhibits. Impeachment exhibits, and rebuttal exhibits thereto, need not be revealed.
(5) Furnish opposing counsel with names and addresses of all witnesses. Impeachment witnesses, and rebuttal witnesses thereto, need not be revealed.
(6) Exchange all available written reports of experts where expert opinion is to be offered at trial. The reports should clearly disclose the expert opinion and its basis on all subjects on which the expert will be called upon to testify. If stipulated into evidence, the parties shall present the reports to the Judge to be so marked. The parties shall consider and determine a limitation on the number of expert witnesses.
(7) Determine estimated trial time.
(8) Consider and determine such other matters as may aid in the disposition of the cause.
(b) Notice. The Judge shall, by Order, give the parties at least fifteen (15) days notice of the pretrial conference. Upon failure without good cause of a party to *1279 attend a conference, the Judge may dismiss the claim or strike the defenses or take such action as may be authorized by law. The Judge may cancel the pretrial conference upon submission of a signed pretrial stipulation with appropriate exhibits and medical reports attached.
(c) Record. The Judge shall make the pretrial conference a matter of record either by stenographic or electronic means, or by a written stipulation signed by the parties.
(d) Pretrial Order. The Judge shall promptly enter an order reciting the action taken at the conference, the amendments allowed to the claims and defenses, the agreements made by the parties about any of the matters considered, and limiting the issues for trial to those not disposed of by admissions or stipulations of the parties. The Judge shall serve the order upon the attorneys for the parties and upon any party not represented by counsel. The order shall control the subsequent course of the action unless the Judge modifies it to prevent injustice.

RULE 11. PROSECUTION OF CLAIM BEFORE JUDGE OF INDUSTRIAL CLAIMS
(a) When a trial has been set by a Judge, all parties shall diligently prosecute and defend the claim. The Judge may cancel or continue a trial on his own motion or on the motion of a party if he finds that the cancellation or continuance is for good cause which has not resulted from a lack of diligence in the prosecution or defense of the claim.
(b) Any claim, or any petition to modify, in which it affirmatively appears that no action has been taken by request for hearing, filing of pleadings, order of Judge, payment of compensation, provision of medical care, or otherwise for a period of two years after filing, is subject to dismissal for lack of prosecution. Upon motion to dismiss filed by any interested party, or upon request of the Judge before whom the action is pending, the Senior Judge shall forward the case to the appropriate Judge who shall, after reasonable notice to the parties and opportunity for hearing, dismiss the claim or petition, unless a party shows good cause why the claim or petition should remain pending.

RULE 12. ADMISSIBILITY OF EVIDENCE; PROFFERS; EXHIBITS
(a) Admissibility. Whenever a question of the admissibility of evidence is presented for consideration of the Judge, he shall promptly rule on it. If an objection is made and not ruled upon by the Judge, the ruling shall be presumed to be adverse to the party making the objection.
(b) Proffers. Evidence which has been offered but ruled inadmissible may be proffered but shall be clearly identified as such by the Judge.
(c) Exhibits. Voluminous or cumbersome exhibits shall not be received in evidence unless their use is unavoidable. The Bureau file with respect to a claim, and any portion thereof, is not evidence until or unless offered and received as such. When any record, report, or other document is offered in evidence and it appears that request may be made later to withdraw same from the record (for example, hospital records for return to the hospital), the Judge may require the party offering such exhibit to furnish a photostatic copy or other acceptable copy thereof for the permanent record of the proceeding.

RULE 13. AGREEMENTS
No agreement or stipulation shall be valid unless: (1) in writing and signed by the parties or their attorneys, or (2) dictated on the record.

RULE 14. APPLICATION AND CROSS-APPLICATION FOR REVIEW; PROOF OF SERVICE

(a) Application and cross-application for review. Application for review of an order of a Judge by the Commission shall be filed with the Commission or a Judge within twenty (20) days after the date copies of the Judge's order are mailed to the parties *1280 at the last known address of each. Any appellee who desires review of any adverse ruling by the Judge shall file his cross-application for review with the Commission or a Judge within ten (10) days after filing of the application for review. Applications and cross-applications for review shall state concisely and particularly the grounds upon which the parties rely. Failure to comply with this section may be grounds for dismissal.
(b) Proof of service. A copy of all applications and cross-applications for review shall be served on all interested parties and proof of service thereof shall accompany all applications and cross-applications when filed.

RULE 15. APPROVAL OF APPEAL BONDS
Any employer required to file a supersedeas bond in an appeal shall file the bond with the Judge or Commission along with the application for review. The Commission shall promptly serve notice on each party of its approval or disapproval of the bond. A notice of disapproval shall include the reasons for the disapproval. A party whose bond is disapproved is allowed ten (10) days from service of notice of disapproval to comply with the objections contained in the notice of disapproval. The Commission shall dismiss the application for review for failure to file a required supersedeas bond or comply with objections contained in a notice of disapproval within the time allowed.

RULE 16. RECORD ON APPEAL
(a) What Constitutes. The record on appeal shall consist of the claim, Bureau's claim acknowledgment letter, notice to controvert, application(s) for hearing, notice(s) of hearing or trial, pretrial order, order on appeal, interim motions and orders, petitions for extension of time to file the record on appeal and orders related thereto, and the transcript of proceedings before the Judge, including the exhibits and other matters of record that are certified by the Judge as constituting the appellate record in the proceeding.
(b) Abbreviated Record. Within the time provided for filing his application for review, the appellant may file designations to the Judge identifying those portions of the proceedings and evidence appellant wishes to have omitted as unnecessary from the record on appeal. Appellant shall serve a copy of the designations, together with proof of service thereof, on each opposing party. Within ten (10) days after service of designations, each opposing party may file cross-designations identifying any parts of the omitted record deemed necessary and they shall be included in the record on appeal. Each opposing party shall serve a copy of those cross-designations, together with proof of service thereof, on each other opposing party.
(c) Stipulated Record. When the issues on appeal can be determined without an examination of the entire proceedings in the cause, the parties may prepare a stipulated statement showing how the issues to be presented arose and were decided by the Judge, setting forth or attaching as much of the record before the Judge as is necessary to a determination of the issues by the Commission. A stipulated statement and a copy of the Judge's order may then be certified by the Judge as the record on appeal.
(d) Costs. Within five (5) days after the content of the record on appeal has been determined, the Judge shall serve notice upon the appellant or his attorney of the amount of costs required for the preparation of the record on appeal and the necessary copies thereof and appellant shall, within fifteen (15) days of the date of such service, deposit, at the office of the Judge, the sum so required. If the appellant fails to deposit the amount of the costs within the time allotted by this section, the Judge shall promptly notify the Commission of this fact. Thereafter, the Commission may dismiss the application for review.
(e) Insolvency. Appellant may be relieved of making a deposit and paying all or a part of the cost of the preparation of the *1281 record on appeal and copies required under this section, provided within fifteen (15) days after the date of service by the Judge as to the amount of the costs so required, he files a Petition to be Relieved of Costs with the Bureau (with an information copy provided to the Judge). The forty-five-day period for the preparation and filing of the record on appeal and, in the case of a denial of said Petition, the fifteen-day period for depositing the amount of record costs required, will then commence when the Bureau's order thereon, which has become final, has been filed with the Judge (with an information copy provided to the Commission).
(f) Preparation of Record. Upon direction from the Judge, the court reporter who stenographically reported the proceeding, or a transcriber designated by the Judge, shall transcribe, prepare, certify, and deliver to the Judge a record on appeal prepared in accordance with this Rule. The court reporter or transcriber shall deliver the record on appeal to the Judge in sufficient time to allow review and certification by the Judge and timely filing with the Commission. The court reporter or transcriber shall promptly notify the parties in writing of the date of such delivery. The Judge or the Commission may, sua sponte, or on motion of a party, secure compliance with this section by invoking the authority of § 440.33, Florida Statutes.
(g) Format. The record on appeal shall be bound and securely fastened in one or more volumes containing no more than 200 pages per volume. The pages of the record shall be numbered consecutively, and each volume shall include a cover page, the volume number, and a complete index containing the names of the witnesses, a list of exhibits offered and introduced in evidence, including the pages where offered and where each may be found. Volume one shall include a complete index of the entire record on appeal. Proffered evidence shall be clearly identified and located in a separate section of the record on appeal.
(h) Time to File. The appellant shall, pursuant to the directions of the Judge, have the original and one copy of the record on appeal filed with the Commission within forty-five (45) days from the date of filing of the application for review, unless the Commission or Judge for good cause shown by petition filed prior to the expiration of said period, and after notice and opportunity for hearing, shall extend the time therefor. The appellant shall have a copy of the record on appeal served on each party or his attorney, and shall have a certificate of such service filed with the record on appeal when filed with the Commission. Unless the nature of the litigation dictates otherwise, service of a copy of the record on appeal on any one of the following: (1) the employer, (2) attorney for employer, (3) the carrier or servicing agent, (4) attorney for carrier or servicing agent, shall be service of a copy of the record on appeal on the employer and carrier. The Commission may dismiss the application for review if appellant fails to comply with the provisions of this section.

RULE 17. CORRECTIONS TO RECORD
(a) Corrections. The Judge shall, pursuant to Order of the Commission remanding the cause to him for such purpose, have the record on appeal corrected, amended, or supplemented to reflect the true state of the record, with costs of the record to be assessed against the appellant. The Judge shall certify the corrected, amended, or supplemented record to the Commission as the record on appeal. Absent specific directions from the Commission, if the Judge determines, on remand, that the record as originally certified is correct, he shall enter an order advising the Commission of his decision, whereupon jurisdiction shall revest in the Commission. The parties may file an application for review of the Judge's Order by the Commission.
(b) Costs. If the appellant fails to deposit the additional costs within the time ordered by the Judge, or in the case of a denial of Petition to be Relieved of Costs, within fifteen (15) days after the date the Bureau's order thereon, which has become *1282 final, has been filed with the Judge, the Judge shall promptly notify the Commission and parties thereof. Thereafter, the Commission may dismiss the application for review.

RULE 18. JURISDICTION; PROPOSED SETTLEMENT; MOTION FOR REMAND
(a) Jurisdiction. Upon application to the Commission for review of an order of a Judge, jurisdiction of the cause to the extent of the issues raised is vested in the Commission and the Judge shall have no further jurisdiction, in respect thereof, save with respect to preparation of the record on appeal, cost of said preparation, and extension of time for filing of same. A party may, however, file a motion with the Commission or Supreme Court requesting remand of the cause to the Judge for further proceedings.
(b) Proposed Settlement. Upon stipulation of the parties, the Judge may take testimony or cause to be investigated a proposal for settlement of all or any part of the cause before the Commission or Supreme Court on review with the objective of determining whether or not, upon remand, he would approve such settlement proposal. Any order approving such settlement which is entered while an application for review or petition for writ of certiorari is pending and prior to the remand of the cause to the Judge shall be null and void.
(c) Motion for Remand. Upon joint motion of the parties stating that a proposed settlement agreement has been reached, the Commission or Supreme Court may remand the cause to the Judge for consideration of the proposed settlement and the entry of an appropriate order.

RULE 19. BRIEFS  WHEN TO BE FILED AND CONTENTS
(a) Appellant's Main Brief. Within thirty (30) days after the filing of the record on appeal, the appellant shall serve a copy of his brief upon the appellee and he shall file the original and one copy of his brief with the Commission, together with proof of service of a copy thereof upon the appellee, unless the Commission for good cause shown by motion filed prior to the expiration of said period shall extend the time therefor. If the appellant fails to file a brief, together with proof of service, within the thirty (30) day period specified or within an extension of time allowed by the Commission, appellant shall forfeit oral argument, unless the Commission orders otherwise. In addition, the Commission may, sua sponte or upon motion of any party, dismiss the application for review.
(b) Appellee's Brief. Within twenty (20) days after service of a copy of appellant's brief, the appellee shall serve a copy of his brief upon the appellant and file the original and one copy of his brief with the Commission together with proof of service of a copy thereof upon the appellant unless the Commission for good cause shown by motion filed prior to the expiration of said period shall extend the time therefor. If the appellee fails to file a brief, together with proof of service, within the twenty (20) day period specified or within an extension of time allowed by the Commission, appellee shall forfeit oral argument, unless the Commission orders otherwise.
(c) Appellant's Reply Brief. If the appellant desires to submit a reply brief, he shall serve a copy of his reply brief upon the appellee, and he shall file the original and one copy of his reply brief with the Commission, together with proof of service of a copy thereof upon the appellee, within twenty (20) days after service of a copy of appellee's brief.
(d) Cross-appeal. Cross-appellant shall include his argument on the cross-appeal in his appellee's brief in the manner authorized in the Florida Appellate Rules. Appellant/cross-appellee shall include his argument on the cross-appeal in his appellant's reply brief, which shall be filed within twenty (20) days after service of appellee/cross-appellant's brief. Within twenty (20) days after service of appellant/cross-appellee's reply brief, cross-appellant may file reply brief to the cross-appellee's brief, together with proof of service *1283 of a copy thereof upon cross-appellee. Argument as to the cross-appeal shall be clearly designated in a separate section of the briefs.
(e) Party not Represented by Attorney. An appellant or appellee not represented by an attorney may be excused by the Commission, in its discretion, from the filing of a brief.
(f) Filing. Briefs shall be filed with the Commission at its office in Leon County, Florida. The Commission may, sua sponte, or upon motion of any party, strike any late filed brief.
(g) Points not Argued are Abandoned. Grounds stated in the application for review or cross-application which are not argued in the briefs are deemed abandoned and may not be argued orally.
(h) Style and Contents of Briefs. The style and contents of briefs shall conform to the requirements of the Florida Appellate Rules.

RULE 20. MOTION PRACTICE ON APPEAL
(a) Purpose. Motions raising bona fide issues of law and procedure may be filed with the Commission at its office in Leon County, Florida.
(b) Content. Each motion filed with the Commission shall contain:
(1) The caption, designation of the moving party and the nature of the motion;
(2) Facts relevant to the relief sought by the motion;
(3) Argument, including citation and statement of authority;
(4) A request for the relief sought; and
(5) Any applicable affidavit or other supporting document.
(c) Response. Within ten (10) days after service of a motion, any other party may serve a response to the motion with or without supporting documents.
(d) Briefs and oral argument. Briefs and oral argument shall not be permitted unless ordered by the Commission.
(e) Time. A motion shall, within the limitations of § 440.25(4)(a), Florida Statutes, and unless otherwise ordered, toll the time for the performance of a required act (other than the preparation and filing of the record on appeal) from the date of filing until the date an order is entered on the motion. The time for preparation and filing of the record on appeal shall be tolled only by the filing of a motion directed thereto. If the time remaining for the next affirmative act is less than five (5) days after entry of the order, the act shall be performed within five (5) days from the date of the order.

RULE 21. ORAL ARGUMENTS  WHEN REQUESTED AND WHEN HEARD
(a) Application. Oral argument in aid of the Commission's deliberations may be allowed or required at the discretion of the Commission. If oral argument is desired, it shall be requested in writing at or prior to the time that the brief is filed.
(b) Time. Oral arguments shall be heard as determined by the Commission. In the event oral argument is allowed, the parties shall be limited to fifteen (15) minutes to each side, unless further time is granted by the Commission. Appellant(s) shall reserve rebuttal time at the beginning of appellant(s)' argument. Failure to do so shall constitute a waiver of rebuttal.
(c) Presentation. Appellant's argument shall be organized and presented in the following order:
(1) Nature of order appealed from.
(2) A brief statement of the issue(s) raised on appeal.
(3) A brief, explanatory statement of the material facts.
(4) The argument.
NOTES
[1] Art. V, § 1, Fla. Const.
[2] These conclusions are further buttressed by the voters' rejection in 1970, just two years before Article V was adopted, of a proposed constitutional amendment which would have created a court for compensation appeals. See Levinson, Court of Administrative Appeals: Alternatives Available to Legislature Following Defeat of 1970 Proposed Amendment of Judiciary Article of Florida Constitution, 23 U.Fla.L. Rev. 261 (1971).
[3] In re Florida Workmen's Compensation Rules of Procedure, 285 So.2d 601 (Fla. 1973).
[4] 285 So.2d at 601. The Court's approval, however, was granted only "to the extent authorized in the Constitution...." 285 So.2d at 602.
[5] Ch. 74-197, § 16, Laws of Florida. The present § 440.29(3), Fla. Stat. (1975), reads:

"The practice and procedure before the commission and the judges of industrial claims shall be governed by rules adopted by the Supreme Court."
[6] See § 120.52(2), Fla. Stat. (1975); Levinson, note 2 above at p. 270.
[7] Sections 120.54 and 120.56, Fla. Stat. (1975).
[8] See Scholastic Systems, Inc. v. LeLoup, 307 So.2d 166 (Fla. 1974).
[9] See Gulf Power Co. v. Bevis, 296 So.2d 482 (Fla. 1974).
[10] By what standard does the Court decide these rules are suitable for adoption? Is it sufficient that all segments of the workmen's compensation field were represented in the formulation process? By what criteria will we test a proposal to amend these rules? Can anyone petition us to amend at any time?