*724 ON MOTION FOR REHEARING
ALLEN, J.
The appellant contends that Amendments to Florida Rules of Workers’ Compensation Procedure, 603 So.2d 425 (Fla.1992), establishes that the supreme court’s rulemaking authority in workers’ compensation matters derives from article V, section 2(a), Florida Constitution. This assertion is based on a jurisdictional reference to article V, section 2(a), in a footnote in the opinion. We do not accord such dispositive effect to this reference, and we note that the amendments which the court approved included substantial revisions to the rules applying upon appellate review in the First District Court of Appeal. Rules pertaining to appellate proceedings conducted in this article V court may warrant the invocation of article V, section 2(a), rulemaking authority. However, workers’ compensation hearings before judges of compensation claims are not conducted in article V courts.
In In re Workmen’s Compensation Rules of Procedure, 343 So.2d 1273 (Fla.1977), the court relied on its statutory rule-making authority under section 440.29(3), Florida Statutes. See also In re Florida Worker’s Compensation Rules of Procedure, 374 So.2d 981 (Fla.1979). As reflected in Justice England’s dissent therein, and considering the court’s discussion relating to article V, section 2(a), and qualified approval of the proposed rules “to the extent authorized in the Constitution” in In re Florida Workmen’s Compensation Rules of Procedure, 285 So.2d 601 (Fla. 1973), it would appear that the supreme court has engaged in a labored analysis of its rulemaking authority in this area. We do not believe that the later footnoted reference to article V, section 2(a), contemplates a departure from the earlier unequivocal textual reliance on section 440.-29(3). We therefore adhere to our conclusion that section 440.13(2)(k), Florida Statutes (Supp.1990), does not impermissibly encroach upon the supreme court’s rule-making authority under article V, section 2(a), Florida Constitution. The appellant’s motion for rehearing is accordingly denied.
SMITH and WOLF, JJ., concur.