PER CURIAM.
The following amendments to the Florida Workers’ Compensation Rules of Procedure are hereby adopted, effective January 1, 1981. Comments to the rules prepared by the rules committee of the Workers’ Compensation Section of The Florida Bar, and here modified, are not adopted by the Court.
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.
RULE 7. APPLICATION FOR HEARING
An application for hearing concerning a Claim, made pursuant to Chapter 440, Florida Statutes, shall state concisely in separate numbered paragraphs the reasons for requesting hearing, and the questions at issue or in dispute which the applicant expects the Deputy to hear and determine, with sufficient particularity that the responding or opposing parties may be notified of the purpose of the hearing, including the issues to be heard and determined and specific benefit due and not paid. Application for the first hearing or trial in a cause shall be filed with the Division at Tallahassee. Applications for any subsequent hearings in that cause shall be filed with the Deputy to whom the case has been assigned, with a copy to the Division. A copy of the application shall be served on counsel for each party and a copy upon any party not represented by counsel. Failure to serve a copy of the application as required shall be grounds for a continuance or cancellation of the hearing.
COMMENT
RULE 7.
This change would keep the Division, the agency which is involved in various stages of the management of workers’ compensation cases, apprised of the status of the case, and informed of the reason for the Deputy’s continued possession of the file.
RULE 8. NOTICE OF HEARING ON CLAIM: ORDER BY DEPUTY COMMISSIONER
(a) The Deputy shall hold a hearing within 90 days after application for the same, and shall give the claimant and other interested parties at least 15 days notice by certified mail. The notice shall state with particularity the questions at issue or in dispute which the Deputy will hear and determine.
(b) The ordor making an award or rejecting the claim-shall set forth the findings or ultimate facts and the mandate, and tho order need not include-any-other reason or justification for such-mandate. The order of the Deputy shall set forth findings of fact, conclusions of law and the Deputy’s determination of the claim or other ruling. The order shall be signed by the Deputy and shall include a certificate of mailing thereon.
COMMENT
RULE 8.
8. (a) Suggestions have been made to remove the requirement that notice to the parties of a hearing be sent by certified *699 mail. The Rules Committee of the Workers’ Compensation Section is of the opinion that the requirement that the hearing notice be sent by certified mail should be retained for two reasons. In the first instance, the Statute, F.S. 440.25(3)(a) requires notice by certified mail, and, secondly, this provision is viewed as one which provides at least a minimum level of procedural due process.
8. (b) The portion of this rule which the Rules Committee of the Section recommends be removed was in conflict with the wording of Rule 14, which has been transplanted, in toto, to Rule 8(b).
RULE 11. PROSECUTION OF CLAIM BEFORE DEPUTY COMMISSIONER
(a) When a trial has been set by a Deputy Commissioner, all parties shall diligently prosecute and defend the claim. The Deputy Commissioner may cancel or continue a trial on his own motion or on the motion of a party if he finds that the cancellation or continuance is for good cause which has not resulted from a lack of diligence in the prosecution or defense of the claim.
(b) Any claim, or any petition to modify, in which it affirmatively appears that no action has been taken by request for hearing, filing of pleadings, order of Deputy Commissioner, payment of compensation, provision of medical care, or otherwise for a period of two years after -filing, is subject to dismissal for lack of prosecution. Upon motion to dismiss filed by any interested party, or upon request of the Deputy Commissioner before whom the action is pending, the file shall be forwarded to the appropriate Deputy Commissioner who shall, after reasonable notice to the parties and opportunity for hearing, dismiss the claim or petition, unless a party shows good cause why the claim or petition should remain pending.
COMMENT
RULE 11.
Deletion of the words “after filing” in Rule 11(b) allows the dismissal of a state claim after any two year period of inactivity. The change will make this rule consistent with Rule 1.420(e) of the Florida Rules of Civil Procedure.
RULE 14. ORDER OF THE DEPUTY. (Delete)
COMMENT
RULE 14.
The Rules Committee of the Section has suggested the incorporation of this rule into Rule 8(b) with the concurrent deletion of the conflicting language of Rule 8(b). This would do away with the need for two separate rules in regard to the findings required of an order of the Deputy Commissioner.
RULE 16. APPELLATE REVIEW:
(a) NOTICE OF APPEAL. Notice of appeal of an order of a Deputy shall be filed with any Deputy within 30 days of the date copies of the Deputy’s order were mailed to the parties. Notice of appeal shall contain a certificate of appellant (or cross-appellant) or counsel setting out the periods and classifications of benefits and medical treatment affected by the appeal. Appellant shall file the original and one copy of the notice, accompanied by a $50.00 filing fee, by check or money order, payable to the Clerk of the District Court. Jurisdiction of the District Court is invoked as of the date of filing of the notice of appeal with any Deputy.
(b) TRANSMITTAL OF NOTICE. Upon filing of a notice of appeal, the Deputy shall forthwith transmit the filing fee and a certified copy of the notice showing the date of filing to the Clerk, and if he is not the Deputy who entered the order on appeal, he shall forthwith forward to the Deputy whose order is on appeal, a copy of the notice and of the transmittal letter to the Clerk. A certified copy of the order appealed shall be attached to, and transmitted with the notice of appeal to the Clerk.
(c) FORM OF NOTICE. Notice of appeal shall be as follows:
*700 In The Office of
The Deputy Commissioner
District_
Deputy Commissioner
(Name of Deputy)
(Address of Deputy)
Claim No.:
D/A :_
A.B., :
Appellant, :
vs. : Notice of
C.D., : Appeal
Appellee. :
Notice is hereby given that A.B., Appellant, appeals to the District Court of Appeal, First District of Florida, the order of the Deputy Commissioner, (name) . dated _, 19 , and mailed -, 19_The nature of the order on appeal is-
CERTIFICATE OF APPELLANT (OR CROSS-APPELLANT) OR COUNSEL:
I HEREBY CERTIFY that this appeal affects only the following periods and classifications of benefits and medical treatment:
Appellant or counsel for Appellant
(address)
(telephone)
(Certificate of Service)
(d) CROSS-APPEAL. Any appellee who desires to review an adverse ruling of the Deputy shall file his cross-appeal with any Deputy within 10 days of service of notice of appeal, or within 30 days of the mailing of the order to be reviewed, whichever is later. Notice of cross-appeal shall contain a certificate of cross-appellant or counsel setting out the periods and classifications of benefits and medical treatment affected by the appeal. The form shall be substantially as provided by (c) of this rule. No filing fee shall be required for a cross-appeal.
(e) ASSIGNMENTS OF ERROR. No change
(f) PROOF OF SERVICE. No change
COMMENT
RULE 16.
The Rules Committee of the Workers’ Compensation Section of the Bar is in agreement with conforming workers’ compensation appellate procedures with appellate procedures involving other litigation, whenever possible. In all instances in which a conformed procedure is possible no special rules should exist. However, in some regards workers’ compensation cases are unique, and this uniqueness generates special needs for workers’ compensation appeals not present in appeals involving other litigation. One of these is a need for the parties and the Courts to know precisely what is on appeal in a workers’ compensation case so that those issues not on appeal may be determined in separate proceedings, those pursuant to Rule 20 (relating to proceedings before the Deputy in regard to matters over which jurisdiction has not been divested by the filing of an appeal). The information concerning what is on appeal is necessary to avoid delay in the delivery of uncontested (on appeal) benefits to the claimant.
Workers’ compensation cases, of necessity, are taken up piecemeal. A workers’ compensation case requires this treatment because the various entitlements of the claimant (which generate potential issues to be heard by the Deputy Commissioner) mature at different times as the course of the claimant’s physical recovery progresses. A workers’ compensation case, unlike other personal injury litigation, can engender successive issues as to medical treatment, the entitlement to temporary disability benefits, the entitlement to permanent disability benefits, as well as ancillary issues of penalties, costs, attorney’s fees and some other rather exotic issues. These can result in successive hearings and successive orders which are all equally final, and all equally appealable. This is not only necessitated by the nature of a workers’ compensation case but also is required by the Statute and the existing rules which allow claims and trials of only the matured issues. (See in this *701 regard F.S. 440.25 and existing Workers’ Compensation Rule of Procedure 7.) This of course is different from other sorts of personal injury litigation in which the matter is tried at one time, and all issues are presented. For other sorts of litigation, the notice of appeal currently found in Rule 16 is sufficient. The parties know what is being appealed, and, even if they don’t, it makes little difference since no additional trials are contemplated.
The special need of the parties and the Courts involved in a workers’ compensation case to know what is on appeal, and what jurisdiction the Deputy Commissioner retains, was formerly met by the Application for Review requirements for appeals to the Industrial Relations Commission. This requirement was done away with by the current Rule 16, after the Industrial Relations Commission was abolished by Statute.
The Rules Committee of the Workers’ Compensation Section does not recommend reinstituting the Application for Review procedure to delineate the issues on appeal. However, it is suggested that certain changes be made in the existing Rule 16 in recognition of the special need in workers’ compensation cases of an expeditious means of determination of just where it is that jurisdiction lies. As the rule now stands, between the date of the filing of the notice of appeal and the date of the filing of the record on appeal, the First District has nothing which would allow it to make such a determination. For this reason, it is suggested that a certified copy of the order appealed should be attached to and transmitted with the notice of appeal, and that the notice itself advise the Court of the date of accident in question. The Section further suggests a certificate of the appellant setting out which benefits will be affected by the issues on appeal, so that the Deputy can determine whether he has jurisdiction to proceed in regard to other benefits. The certificate does not require a pleading of the issues on appeal, but rather only requires a certification of which benefits will be affected. It is felt that such an amendment to the rule will do much to avoid confusion and delay in determining the threshold question of the Deputy’s jurisdiction.
RULE 18. RECORD ON APPEAL
(a) WHAT CONSTITUTES.
(1) The record on appeal shall contain the claim, notice to controvert, pre-trial order and stipulation, transcript of proceedings before the Deputy, as taken by a certified court reporter at the expense of the Division, and order on appeal. The record shall also contain, by designation of a party, such other orders and pleadings as are necessary for the Court’s determination of the appeal. Only such exhibits, depositions and physical evidence as are introduced into evidence before the Deputy, designated by the parties for inclusion, and necessary for the Court’s determination of the appeal shall be included. If the order appealed requires consideration by the Court of matters which have not been admitted as evidence, such material as is necessary to the Court’s determination shall be included by designation. Evidence proffered, but not admitted into evidence by the Deputy, shall not be included in the record unless its admissibility is an issue on appeal and it is designated for inclusion by one of the parties. No paper, document, exhibit or administrative filing not introduced into evidence and pertinent to the issues on appeal shall be included in the record.
(2) No change
(3) No change
(4) No change
(b) ABBREVIATED RECORD. No change
(c) STIPULATED RECORD. No change
(d) INCOMPLETE RECORD. No change
(e) COSTS. No change
(f) RELIEF FROM COSTS. An appellant may be relieved in part or in whole from the costs for the preparation of the record on appeal, and may be reimbursed the costs of filing previously made pursuant to the provisions of Rule 16(a), if within 15 days from the date notice of the estimated costs for the preparation is served, he files with the Deputy a verified petition to be relieved *702 of costs. The verified petition shall contain a detailed and sworn statement of all his assets, liabilities, and income. Appellant’s attorney or the appellant, if not represented by an attorney, shall include as a part of the verified petition an affidavit or affirmation that in his opinion the notice of appeal was filed in good faith and that the issues to be presented on appeal contained therein constitute a probable basis for the District Court to find reversible error. A copy of the verified petition shall be served upon the Division in Tallahassee and all other interested parties, and the Clerk. The Deputy shall promptly conduct a hearing on the verified petition giving at least 15 days notice to the appellant, the Division, and all other interested parties, which shall all be parties to the proceeding. The Deputy may enter an order without such hearing if no objection is filed by the Division of an interested party within 12 days from the date the verified petition is filed. Said proceedings shall be conducted in accordance with the workers’ compensation rules of procedure to the extent applicable. The forty five sixty day period for the preparation and filing of the record on appeal and, in the case of a denial of said petition, the fifteen day period for depositing the amount of record costs required, will then commence when the Deputy’s order thereon has become final (with an information copy provided to the Division and the District Court). Upon a finding by the Deputy that the appellant may be relieved in part or in whole from the costs for the preparation of the record on appeal, the Division shall reimburse the appellant the amount of the filing fee required by Rule 16(a).
(g) PREPARATION OF RECORD. No change
(h) FORMAT. No change
(i) TIME TO FILE. The appellant shall, pursuant to the directions of the Deputy, have the original or a copy of the record on appeal filed with the District Court within 45 60 days from the date of filing of the notice of appeal, unless the District Court Deputy Commissioner for good cause shown by petition filed prior to the expiration of said period, and after notice and opportunity for hearing, shall extend the time therefor. The appellant shall have a copy of the record on appeal served on each party or his attorney, and shall have a certificate of such service filed with the record on appeal when filed with the District Court. Unless the nature of the litigation dictates otherwise, service of a copy of the record on appeal on any one of the following: (1) the employer, (2) attorney for employer, (3) the carrier or servicing agent, (4) attorney for carrier or servicing agent shall be service of a copy of the record on appeal on the employer and carrier.
COMMENT
RULE 18.
18. (a) This change is intended to conform the rules to the legislative mandate (or comport with the legislative intent) set out in F.S. 440.29(2) which requires hearings before the Deputy Commissioner to be reported and authorizes the Division to contract for the reporting of the hearing. Current practice and procedure is apparently inconsistent, with Some districts employing court reporters and others not. The Rules Committee of the Workers’ Compensation Section has been advised of several instances in which the record on appeal has been inadequate for purposes of deciding the appeal, resulting in some cases in irreparable damage and, in others, of unnecessary expense involving de novo proceedings.
18. (f) The changes are intended to relieve the insolvent appellant of the costs of the newly imposed filing fee for the appeal to the First District Court of Appeal. There previously was no filing fee to the Industrial Relations Commission and no reason to provide for relief from that cost. Since the Division bears the cost of the preparation of the record in cases of total or partial insolvency of the appellant, it should also bear the cost of the filing of the appeal.
18. (i) The change in subparagraph (i) provides that the Deputy Commissioner, who still has physical possession of the file and can more easily handle the ministerial duties involving the record, should deal with any extensions required for filing the record.
*703 RULE 21. JURISDICTION: PROPOSED SETTLEMENT: MOTION FOR REMAND
(a) No change
(b) No change
(c) MOTION FOR REMAND. Upon a joint motion of the parties stating that a proposed settlement agreement has been reached, the District Court may remand the cause to the Deputy for consideration of the proposed settlement and the entry of an appropriate order, within the time provided by the District Court.
COMMENT
RULE 21.
This change has been suggested to provide for the court’s continuing control over matters within their jurisdiction but remanded to the Deputy Commissioner for the purpose of determining if the settlement is in the parties’ best interests.
RULE 23. MOTIONS
(NEW)
(a)CONTENTS OF MOTION: RESPONSE. Unless otherwise prescribed by these rules, an application for an order or other relief available under these rules shall be made by filing a motion therefor. The motion shall state the grounds on which it is based, the relief sought, argument in support thereof and appropriate citations of authority. A motion for an extension of time shall, and other motions where appropriate may, contain a certificate by the movant’s counsel that he has consulted opposing counsel and that he is authorized to represent that opposing counsel either has no objection or will promptly file an objection. A motion may be accompanied by an appendix, which may include affidavits and other appropriate supporting documents not contained in the record. A party may serve one response to a motion within 10 days of service of the motion. The Court may shorten or extend the time for response to a motion.
(b) EFFECT ON PROCEEDINGS. Except as prescribed by Section (d) of this rule, service of a motion shall toll the time schedule of any proceeding in the court until disposition of the motion. An order granting an extension of time for any act shall automatically extend the time for all other acts which bear a time relation to it. A conformed copy of an order extending time entered by a lower tribunal shall be transmitted forthwith to the Court.
(c) MOTIONS TO STRIKE. Motions to strike a brief or portions of a brief shall not be entertained by the Court. However, a party, in his own brief or by filing a suggestion, may call to the District Court’s attention a breach of these rules. Statements in briefs not supported by the record shall be disregarded and may constitute cause for imposition of sanctions.
(d) MOTIONS NOT TOLLING TIME.
(1) Motions for stay pending appeal.
(2) Motions relating to oral argument.
(3) Motions relating to joinder and substitution of parties.
(4) Motions relating to amicus curiae.
(5) Motions relating to attorney’s fees on appeal.
(6) Motions relating to service.
(7) Motions relating to admission or withdrawal of attorneys.
COMMENT
RULE 23.
This replaces the former Rule 23 governing Motions entirely.
The Rule conforms motion practice in the First District in workers’ compensation cases to motion practice in the First District in other cases under Florida Appellate Rule 9.300. This change is essentially identical with Rule 9.300 with the exception of the addition of subsection (c) which is retained from the former Rule 23.