638 So.2d 48 (1994)
John Paul JONES, Jr., etc., Petitioner,
v.
Lawton M. CHILES, etc., Respondent.
No. 82895.
Supreme Court of Florida.
June 9, 1994.
Richard A. Sicking, Richard A. Sicking, P.A., Miami, for petitioner.
Deborah K. Kearney and J. Hardin Peterson, Office of Governor, Tallahassee, for respondent.
OVERTON, Justice.
John Paul Jones, Jr., a compensation claims judge, petitions for a writ of mandamus, asking this Court to require Lawton M. Chiles, Governor of the State of Florida, to reappoint him to office as required by the reappointment procedure set forth in section 440.45, Florida Statutes (1991). We have jurisdiction under article V, section 3(b)(8), of the Florida Constitution. We find that the portion of section 440.45(2) that eliminates the Governor's choice in the reappointment of a compensation claims judge is invalid, because it unconstitutionally encroaches on the power of the Governor to appoint executive branch officers. For the reasons expressed, we deny the petition.
The undisputed facts of this case are as follows. In 1972, Jones was appointed to a four-year term as a compensation claims judge to hear workers' compensation cases. Shortly thereafter, the legislature created a process for the merit selection and retention of compensation claims judges. See § 440.45, Fla. Stat. (1975). Under that process, each appellate district had a judicial nominating commission. For initial appointments, the commission submitted to the Governor a list containing the names of three lawyers, and the Governor appointed one of those lawyers to serve a four-year term as a compensation claims judge. Before the expiration of a judge's four-year term, the commission voted whether to retain the judge for another term. If the commission voted not to retain the judge, then the Governor could not reappoint the judge. If the commission voted to retain the judge, then the Governor was required to reappoint the judge to another four-year term. Under this process, Jones has been reappointed to five four-year terms since his initial appointment and was last reappointed by Governor Martinez in 1988.
In 1990, the legislature created a statewide nominating commission to replace the existing district judicial nominating commissions for workers' compensation judges. The retention process remained the same. See § 440.45, Fla. Stat. (1991). In 1992, the new *49 statewide nominating commission voted 8-6 to retain Jones. Governor Chiles, however, has not reappointed Jones to office and has advised that he will not do so. At this time, Jones remains in office, is still performing his duties, and is being paid his state salary. He now files this petition for a writ of mandamus, asking this Court to require the Governor to reappoint him to office as mandated by section 440.45.
Section 440.45 provides in pertinent part as follows:
(1) The Governor shall appoint as many full-time judges of compensation claims to the workers' compensation trial courts as may be necessary to effectually perform the duties prescribed for them under this chapter. The Governor shall initially appoint a judge of compensation claims from a list of at least three persons nominated by a statewide nominating commission. The statewide nominating commission shall be composed of the following: five members, one of each who resides in each of the territorial jurisdictions of the district courts of appeal, appointed by the Board of Governors of The Florida Bar from among The Florida Bar members who are actively engaged in the practice of law; five electors, one of each who resides in each of the territorial jurisdictions of the district courts of appeal, appointed by the Governor; and five electors, one of each who resides in each of the territorial jurisdictions of the district courts of appeal, and who are not members of The Florida Bar, selected and appointed by a majority vote of the other ten members of the commission. The meetings and determinations of the nominating commission as to the judges of compensation claims shall be open to the general public. No person shall be nominated or appointed as a full-time judge of compensation claims who has not had 5 years' experience in the practice of law in this state; and no judge of compensation claims shall engage in the private practice of law during a term of office. The Governor may appoint any former judge of compensation claims to serve as a judge of compensation claims pro hac vice to complete the proceedings on any claim with respect to which the judge of compensation claims had heard testimony and which remained pending at the time of the expiration of the judge of compensation claims' term of office. However, no former judge of compensation claims shall be appointed to serve as a judge of compensation claims pro hac vice for a period to exceed 60 successive days.
(2) Each full-time judge of compensation claims shall be appointed for a term of 4 years, but during the term of office may be removed by the Governor for cause. Prior to the expiration of the term of office of the judge of compensation claims, the conduct of such judge of compensation claims shall be reviewed by the statewide nominating commission, which commission shall determine whether such judge of compensation claims shall be retained in office. Evaluation forms to be considered by the commission shall be prepared by the Chief Judge, shall be completed anonymously by each attorney within 45 days from the date of any hearing in which he has participated, and shall be forwarded to the statewide nominating commission. Included in the evaluation shall be questions relating to timeliness of decisions; diligence, availability, and punctuality; neutrality and objectivity regarding legal issues; knowledge and application of law; courtesy toward litigants, witnesses, and lawyers; judicial demeanor; and willingness to ignore irrelevant considerations such as race, sex, religion, politics, identity of lawyers, or parties. A report of the decision shall be furnished to the Governor no later than 6 months prior to the expiration of the term of the judge of compensation claims. If the statewide nominating commission votes not to retain the judge of compensation claims, the judge of compensation claims shall not be reappointed but shall remain in office until a successor is appointed and qualified. If the statewide nominating commission votes to retain the judge of compensation claims in office, then the Governor shall reappoint the judge of compensation claims for a term of 4 years. Judges of compensation claims shall be subject to the jurisdiction of the Judicial Qualifications Commission.

*50 (3) The judges of compensation claims shall be within the Department of Labor and Employment Security under the secretary of that department.
(Emphasis added.)
As the underlined portion of section 440.45 indicates, "if the statewide nominating commission votes to retain the judge of compensation claims in office, then the governor shall reappoint the judge of compensation claims for a term of four years." (Emphasis added.) Because of this language in the statute, Jones maintains that the Governor must perform the ministerial act of reappointing him given that the nominating commission has voted to retain him in office. The Governor, on the other hand, argues that he need not reappoint Jones to office as required by section 440.45 because the statute violates the separation of powers doctrine by unconstitutionally depriving him of his gubernatorial prerogative to appoint executive branch officers.
As noted, under the statute the Governor has no choice in whether to reappoint a judge of compensation claims; the Governor is required to reappoint a judge of compensation claims once the nominating commission has voted to retain that judge in office. The question, then, is whether the statute is unconstitutional as asserted by the Governor. A number of provisions of the Florida Constitution are applicable in answering this question.
By law, compensation claims judges fall under the Workers' Compensation Division of the Department of Labor and Employment Security. See §§ 20.171(d), 440.45, Fla. Stat. (1991). The Department of Labor and Employment Security is one of the twenty-five executive departments provided for in article VI, section 6, of the Florida Constitution. As the chief executive officer in whom the supreme executive power is vested,[1] the Governor has direct supervision over all executive departments unless the legislature places that supervision in the hands of one of the following other executive officers: the lieutenant governor, the governor and cabinet, a cabinet member, or an officer or board appointed by and serving at the pleasure of the governor. See art. IV, §§ 1(a), 6, Fla. Const. Inherent in that direct supervisory authority is the power to appoint executive officers to public office.
Under section 20.171, the Department of Labor and Employment Security comes under the direct supervision of the Secretary of Labor and Employment Security, an officer who is appointed by and serves at the pleasure of the Governor. As such, only the Governor or the Secretary of Labor and Employment Security, subject to the Governor's approval, would have the power to appoint judges of compensation claims. The legislature, under section 440.45, directs the Governor to "appoint as many full-time judges of compensation claims to the workers' compensation trial courts as may be necessary to effectually perform the duties prescribed for them." Consequently, the Governor alone is the executive officer in whom the power of appointment of compensation claims judges is vested. The only restriction that may be placed on that appointment power is that confirmation by the senate or the approval of three members of the cabinet may be required by law. Art. IV, § 6(a), Fla. Const.[2] Additionally, because article III, section 13, of the Florida Constitution, expressly limits the terms of public officers to four years unless otherwise specified in the constitution, and because the Governor is the chief executive officer in whom the power to appoint compensation claims judges is vested, a new *51 appointment by the Governor is required for compensation claims judges every four years. Under the reappointment provisions of section 440.45(2), however, the legislature has provided that reappointment of compensation claims judges is to be by majority vote of the statewide nominating commission. Because under section 440.45 the Governor must reappoint a judge of compensation claims if the statewide nominating commission votes to retain such judge, the Governor's act in reappointing a judge of compensation claims is purely ministerial. This procedure effectively eliminates the power of the Governor to reappoint compensation claims judges as officers of the executive branch.
Jones, nevertheless, maintains that the Governor has no constitutional right to appoint compensation claims judges because, although compensation claims judges are technically executive branch officers, they are, in reality, judicial officers inasmuch as they exercise quasi-judicial powers; they function exclusively as judicial officers; and they are governed by Supreme Court rules. Consequently, Jones asserts, the Governor has no constitutional appointment power in the reappointment of compensation claims judges.
As noted above, in Florida, the legislature has chosen to place compensation claims judges within the executive branch as part of the Department of Labor. Although, in the past, this Court has acknowledged that judges of compensation claims perform a quasi-judicial function, we have repeatedly acknowledged that those judges are still members of the executive branch. For instance, in Scholastic Systems, Inc. v. LeLoup, 307 So.2d 166, 170 (Fla. 1974), we did find that judges of industrial claims court performed a quasi-judicial function and acted as a judicial body for purposes of satisfying due process concerns; however, in making that finding, we specifically stated:
In recognizing the IRC as a judicial tribunal performing the functions of a court for purposes of the "due process" provision of the constitution, we do not intend to imply that the IRC is literally a "court," for Art. V, § 1, Fla. Const., expressly prohibits the creation of any courts not expressly listed therein. We are merely recognizing that decisions of the IRC, in its capacity as a body reviewing determinations of Judges of Industrial Claims, are of such judicial nature as to satisfy [the Due Process Clause]; nor does anything contained herein affect any organizational or administrative duties of the IRC or any applicability otherwise of the Administrative Procedure Act.
Likewise, in Department of Agriculture & Consumer Services v. Bonanno, 568 So.2d 24, 29-30 (Fla. 1990), in comparing the administrative procedure proceedings involving "takings" under the Citrus Canker Eradication Program to the Workers' Compensation Law, we stated that "[t]he Workers' Compensation Law is the exclusive remedy for all on-the-job injuries, and the initial determination of the entitlement to compensation and the extent thereof is determined by a nonjudge." (Emphasis added.) See also Vargas v. Americana of Bal Harbour, 345 So.2d 1052, 1054 (Fla. 1976) (the Industrial Relations Commission has been created as one of the twenty-five departments authorized to perform functions in the executive branch of government; the judges of industrial claims are under the division of labor in the same department); In re Florida Workmen's Compensation Rules of Procedure, 285 So.2d 601 (Fla. 1973) (Florida Supreme Court has interest in quasi-judicial proceedings of workers' compensation litigation because that litigation becomes judicial once it reaches appellate courts; Workers' Compensation Rules of Procedure were adopted and promulgated pursuant to the legal authority of the Industrial Relations Commission but were approved by the Florida Supreme Court). Although we did acknowledge in Orr v. Trask, 464 So.2d 131 (Fla. 1985), that, under section 440.45, the decision to reappoint an incumbent rests entirely with the nominating commission, we were simply reiterating the requirements of the statute in ruling on the removal power of the Governor; we were not ruling, as we do today, on the constitutionality of the exclusive reappointment power given to the nominating commission. We find that compensation claims judges are executive branch officials, *52 not judicial branch officials. Having determined that judges of compensation claims fall within the authority of the executive branch, we conclude that section 440.45(2) violates the separation of powers doctrine to the extent that it deprives the Governor of his power to appoint and reappoint.
Jones contends that this holding will compromise the position of compensation claims judges because it will make those judges beholden to the Governor. We note, however, that, in 1993, the legislature itself amended section 440.45, effective January 1, 1994, to eliminate the power of the statewide nominating commission to reappoint judges of compensation claims and to provide the Governor with that power instead. See ch. 93-415, § 40, Laws of Fla.[3] Additionally, it is *53 the legislature that has chosen to place compensation claims judges and the adjudication of workers' compensation claims within the executive branch. If it so desired, the legislature could completely eliminate compensation claims judges as executive branch officials and place the adjudication of workers' compensation cases within the judicial branch by providing that jurisdiction of those cases is to be in placed in either the county or circuit courts.[4] Article V, section 1, of the Florida Constitution, provides that "[t]he judicial power shall be vested in a supreme court, district courts of appeal, circuit courts and county courts." While that provision does further provide that "[n]o other courts may be established by the state, any political subdivision or any municipality," the Constitution also allows the legislature to set, by law, the jurisdiction of county courts. See art. V, § 6, Fla. Const. Further, the original jurisdiction of matters not vested by general law in the county courts or elsewhere is vested in the circuit courts. See art. V, § 5, Fla. Const. Consequently, no provision exists to prohibit the legislature from placing the jurisdiction of workers' compensation claims within either the county or circuit courts.[5]
In conclusion, we find the portion of section 440.45(2) that eliminates the Governor's choice in the reappointment of a compensation claims judge to be invalid because it unconstitutionally encroaches on the power of the Governor to appoint executive branch officers. Having made this determination, we find that the Governor is free to proceed under the new appointment procedure set forth in chapter 93-415, section 40, Laws of Florida, in filling Jones' position. The Governor has made no objection to the new appointment process set forth in that provision and, under that process, he is allowed to *54 make the final choice in filling Jones' position by choosing from the qualified individuals submitted to him by the nominating commission. Further, under the unique circumstances of this case, we find that Jones and like-situated compensation claims judges should continue to serve as compensation claims judges in a de facto capacity until the Governor fills their positions under the provisions of chapter 93-415.[6]
Accordingly, for the reasons expressed, the petition for a writ of mandamus is denied.
It is so ordered.
GRIMES, C.J., SHAW, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.
NOTES
[1] See art. IV, § 1(a), Fla. Const.
[2] Article IV, section 6, of the Florida Constitution, provides in pertinent part:

Executive Departments.  All functions of the executive branch of state government shall be allotted among not more than twenty-five departments, exclusive of those specifically provided for or authorized in this constitution. The administration of each department, unless otherwise provided in this constitution, shall be placed by law under the direct supervision of the governor, the lieutenant governor, the governor and cabinet, a cabinet member, or an officer or board appointed by and serving at the pleasure of the governor, except:
(a) When provided by law, confirmation by the senate or the approval of three members of the cabinet shall be required for appointment to or removal from any designated statutory office.
[3] Chapter 93-415, section 40, Laws of Florida, amended section 440.45 to read as follows:

(1) There is hereby created the Office of the Judges of Compensation Claims within the Department of Labor and Employment Security. The Office of the Judges of Compensation Claims shall be headed by a Chief Judge who shall serve at the pleasure of the Governor and Cabinet. The Chief Judge shall be appointed by the Governor and confirmed by the Cabinet from a list of two names submitted by each of the District Court Judicial Nominating Commissions created by Article V, Section II of the Florida Constitution and s. 43.29. The office shall be a separate budget entity and the Chief Judge shall be its agency head for all purposes. The Department of Labor and Employment Security shall provide administrative support and service to the office to the extent requested by the Chief Judge but shall not direct, supervise or control the Office of the Judges of Compensation Claims in any manner, including but not limited to personnel, purchasing, budgetary matters or property transactions. The operating budget of the Office of the Judges of Compensation Claims shall be paid out of the Workers' Compensation Administrative Trust Fund established in s. 440.50.
(2)(a) The Governor shall appoint full time judges of compensation claims to conduct proceedings as required by this chapter or other law. No person may be appointed as a judge of compensation claims unless he or she has been a member of The Florida Bar in good standing for the preceding five years and is knowledgeable in the law of workers' compensation. No judge of compensation claims shall engage in the private practice of law during a term of office.
(b) The Governor shall initially appoint a judge of compensation claims from a list of three persons nominated by a statewide nominating commission. The statewide nominating commission shall be composed of the following: five members, at least one of whom must be a member of a minority group as defined in s. 288.703(3), one of each who resides in each of the territorial jurisdictions of the district courts of appeal, appointed by the Board of Governors of The Florida Bar from among The Florida Bar members who are engaged in the practice of law; five electors, at least one of whom must be a member of a minority group as defined in s. 288.703(3), one of each who resides in each of the territorial jurisdictions of the district courts of appeal, appointed by the Governor; and five electors, at least one of whom must be a member of a minority group as defined in s. 288.703(3), one of each who resides in the territorial jurisdictions of the district courts of appeal, selected and appointed by a majority vote of the other ten members of the commission. No attorney who appears before any judge of compensation claims more than four times a year is eligible to serve on the statewide nominating commission. The meetings and determinations of the nominating commission as to the judges of compensation claims shall be open to the general public.
(c) Each judge of compensation claims shall be appointed for a term of 4 years, but during the term of office may be removed by the Governor for cause. Prior to the expiration of judge's term of office, the statewide nominating commission shall review the judge's conduct. The commission shall report its finding to the Governor no later than 6 months prior to the expiration of the judge's term of office. The report of the commission shall include a list of 3 candidates for appointment. The candidates shall include the judge whose term is expiring, if that judge desires reappointment and the judge's performance is satisfactory upon review by the commission. If a vacancy occurs during a judge's unexpired term, the commission shall issue a report to the Governor which includes a list of 3 candidates for appointment. The Governor shall review the commission's report, and may select one of the listed candidates. If no candidate is selected, the Governor shall so inform the commission, which shall within 2 months issue a report to the Governor which includes a list of three different candidates for appointment.
(3) The Chief Judge shall select from among the full time judges of the office two or more judges to rotate as docketing judges. Docketing judges shall review all claims for benefits for consistency with the requirements of this chapter and the rules of procedure, including but not limited to specificity requirements, and shall dismiss any claim that fails to comport with such rules and requirements. The docketing judge shall not dismiss any claim with prejudice without offering the parties an opportunity to appear and present argument. The Chief Judge may as he or she deems appropriate expand the duties of the docketing judges to include resolution without hearing of other types of procedural and substantive matters, including resolution of fee disputes.
(4) The Chief Judge shall have the discretion to require mediation and to designate qualified persons to act as mediators in any dispute pending before the Judges of Compensation Claims and the division. The Chief Judge shall coordinate with the Director of the Division of Workers' Compensation to establish a mandatory mediation program to facilitate early and efficient resolution of disputes arising under this chapter and to establish training and continuing education for new and sitting judges.
(5) The Office of the Judges of Compensation Claims shall promulgate rules to effect the purposes of this section. Such rules shall include procedural rules applicable to workers' compensation claim resolution and uniform criteria for measuring the performance of the office, including but not limited to the number of cases assigned and disposed, the age of pending and disposed cases, timeliness of decision making, extraordinary fee awards and other performance indicators. The Workers' Compensation Rules of Procedure approved by the Supreme Court shall apply until the rules promulgated by the Office of the Judges of Compensation Claims pursuant to this section become effective.
(6) Not later than December 1 of each year, the Office of Judges of Compensation Claims and the Division of Workers' Compensation shall jointly issue a written report to the Governor, the House of Representatives, and the Senate summarizing the amount, cost, and outcome of all litigation resolved in the prior year, summarizing the disposition of applications and motions for mediation conferences and recommending changes or improvements to the dispute resolution elements of the workers' compensation law and regulations.
[4] In fact, in 1979, the Florida Appellate Court Structure Commission recommended that the adjudication of all contested or controverted workers' compensation claims be placed within the jurisdiction of circuit courts. The Commission noted that "[i]mplementation of this recommendation will not require a constitutional amendment but will necessitate a coordinated effort both by the legislature and the Supreme Court. Legislation transferring work[er]s' compensation jurisdiction to the circuit courts and abolishing the [judges of industrial claims] and the [industrial relations commission] will be necessary. The Supreme Court must certify to the legislature the need for additional [judges] in the circuit courts and district courts. The Court's certification must then be approved and adopted by the legislature." See Report, Commission on the Florida Appellate Court Structure, 3-6, March 13, 1979 (on file with Clerk of the Florida Supreme Court, Tallahassee, Florida). Although the legislature did abolish the industrial relations commission and did place the appellate jurisdiction of workers' compensation claims in the First District Court of Appeal, the legislature chose to leave the original jurisdiction of those claims within the jurisdiction of the Department of Labor. A changeover today would require that the thirty-two judges of compensation claims positions be removed to the regular court system.
[5] Currently, at least four states (Alabama, Louisiana, Tennessee, and Wyoming) handle their workers' compensation cases through their regular court system.
[6] As of December 1993, at least twelve compensation claims judges were awaiting reappointment.