PER CURIAM.
The Florida Bar’s Workers’ Compensation Rules Committee has filed its regular-cycle report asking this Court to consider amendments to the Florida Rules of Workers’ Compensation Procedure. Because we conclude that this Court does not have jurisdiction under the Florida Constitution to adopt rules of practice and procedure for an executive branch agency, we decline to adopt the proposed amendments. Further, we hereby repeal the Florida Rules of Workers’ Compensation Procedure.
HISTORY
A brief history of the rules of procedure governing workers’ compensation proceedings is needed to explain how this Court determined that it possessed the authority to adopt these rules and to detail how the instant controversy arose.
This Court first adopted rules governing workers’ compensation proceedings in 1973.[1] See In re Florida Workmen’s Compensation Rules of Procedure, 285 So.2d 601, 601 (Fla.1973). In the 1973 case, the Court reviewed rules that had been voluntarily submitted to the Court by the Industrial Relations Commission of the State of Florida for the Court’s “examination and approval.” Id. The Court noted that a judge of industrial claims was a “quasi-judicial officer” and workers’ compensation proceedings were subject to review by the Court. Id. In explaining its authority to adopt the rules, the Court stated:
Rules of the Industrial Relations Commission are the guidelines under which such records are made for this Court and we, therefore, have a direct interest in them. Section 2(a), Article V, Constitution of Florida (1973), F.S.A., provides, “The Supreme Court shall adopt rules for the practice and procedure in all courts....”
In workmen’s compensation cases, we, therefore, have a duplicitous situation where the litigation is quasi-judicial at one level and judicial when it reaches this Court. Because the total authority in workmen’s compensation cases involves the review on appeal of the Judges of Industrial Claims and the Industrial Relations Commission, we deem such litigation to be more judicial than quasi-judicial.
Id. Thus, the initial stated authority for adopting procedural rules regarding workers’ compensation proceedings was based in part on this Court’s rulemaking authority.
The following year, the Florida Legislature enacted section 440.29(3), Florida Statutes (Supp.1974), which read: “The practice and procedure before the commission and the judges of industrial claims shall be governed by rules adopted by the Supreme Court.” Ch. 74-197, § 16, Laws of Fla. In 1977, the Court adopted new rules of workers’ compensation procedure. See In re Workmen’s Compensation Rules of Procedure, 343 So.2d 1273 (Fla.1977). Rather than citing the Court’s previous opinion or the rulemaking provision of the *476 Constitution, the Court relied on the statutory authority to adopt the rules, stating that the petition of the Industrial Relations Commission requesting the adoption of the rules was authorized “under the provisions of Section 440.29(3), Florida Statutes.” Id. at 1274.[2] In 1979, the Court again adopted rules of procedure for workers’ compensation. See In re Florida, Workers’ Compensation Rules of Procedure, 374 So.2d 981, 981 (Fla.1979). The Court stated -that the basis for its authority to adopt the rules came from the Legislature and sections 440.29(3) and 440.25(d), Florida Statutes (1979). Id.[3]
Following the 1977 and 1979 cases, the Court continued to adopt rules of workers’ compensation procedure in brief opinions that did not make express reference to the Court’s authority to adopt the rules.[4] Then, in 1992 the Court issued an opinion adopting rules of procedure in workers’ compensation cases, citing article V, section 2(a) of the Florida Constitution as the basis for the Court’s jurisdiction. See Amendments to Florida Rules of Workers’ Compensation Procedure, 603 So.2d 425, 425 n. 3 (Fla.1992). Since that time, the Court has cited this constitutional provision as the basis for its jurisdiction.[5]
As noted above, in 1974 the Legislature enacted section 440.29(3), Florida Statutes, which provided “The practice and procedure before the commission and the judges of industrial claims shall be governed by rules adopted by the Supreme Court.” In 1978, section 440.29(3), Florida Statutes, was amended to add the phrase, “except to the extent that such rules conflict with the provisions of this chapter.” See Ch. 78-300, § 9, Laws of Fla. Then, in 1993, a separate section of the Florida Statutes governing workers’ compensation was modified to grant rulemaking authority to the Office of Judges of Compensation Claims (OJCC). See Ch. 93-415, § 40, Laws of Fla. The modification appeared in section 440.45, Florida Statutes' (Supp. 1994), and it provided: “The [OJCC] shall promulgate rules to effect [sic] the purposes of this section. Such rules shall include procedural rules applicable to workers’ compensation claim resolution. ... The workers’ compensation rules of' procedure approved by the Supreme Court shall apply until the rules promulgated by the [OJCC] pursuant to this sec *477 tion become effective.” See § 440.45(5), Fla. Stat. (Supp.1994) (emphasis added).
In 2002, section 440.45(l)(a), Florida Statutes (2001), was amended to give the director of the Division of Administrative Hearings (DOAH) rulemaking authority under section 440.45(4). See Ch.2002-194, § 46, Laws of Fla. DOAH began promulgating rules to replace this Court’s workers’ compensation rules. In 2002, the Workers’ Compensation Section of 'The Florida Bar filed a petition for writ of prohibition arguing that the Legislature had improperly usurped this Court’s rule-making authority by allowing DOAH to promulgate rules of procedure to be used in workers’ compensation proceedings. See Workers’ Compensation Section of Fla. Bar v. Florida Dep’t of Mgmt. Servs., 837 So.2d 413 (Fla.2003) (unpublished order). At tbe time, DOAH had not yet promulgated its rules. The Court requested a response from DOAH, but ultimately dismissed the petition without prejudice. See id. Subsequently, DOAH adopted its rules. See Ch. 60Q-6.101-6.126, Fla. Admin. Code. Rule 60Q-6.101 provided that these rules of procedure would apply in all workers’ compensation proceedings before the judges of compensation claims and that they would “replace workers’ compensation rules of procedure 4.010 through 4.900 and all forms referenced therein.” Section 440.45(1)(a),(4), Florida Statutes (2003), was cited as specific authority for the rule.
On January 30, 2004, the Workers’ Compensation Rules Committee filed its regular-cycle report with this Court pursuant to Florida Rule of Judicial Administration 2.130(c). In the report, the committee proposed a number of amendments to the Florida Rules of Workers’ Compensation Procedure. The report also indicated that the proposed amendments were submitted to the Board of Governors of The Florida Bar for consideration, but the board did not take a formal vote on the proposed amendments because of the underlying jurisdictional issue.
Because the Board of Governors had not voted on the proposed amendments in accordance with Florida Rule of Judicial Administration 2.130(c), this Court dismissed the report without prejudice for failure to comply with the rule. After receiving unanimous approval of the proposals from the Executive Committee of the Board of Governors, the committee filed a motion to reinstate the report, and the Court reinstated the report.
The Court published the proposal amendments and received a number of comments, some of which challenged the Court’s authority to promulgate rules of workers’ compensation procedure. Oral argument was held on September 2, 2004.
ANALYSIS
Having reviewed our jurisdiction under the Florida Constitution, we conclude that this Court lacks the authority to promulgate rules of workers’ compensation procedure. The original and appellate jurisdiction of the courts of Florida is derived entirely from article V of the Florida Constitution. This Court has previously cited to article V, section 2(a), of the Florida Constitution as authority for the Court’s adoption of workers’ compensation rules of procedure. That subsection provides that “[t]he supreme court shall adopt rules for the practice and procedure in all courts.” (emphasis added). Article V, section 1, of the Florida Constitution provides that “[t]he judicial power shall be vested in a supreme court, district courts of appeal, circuit courts and county courts. No other courts may be established by the state, any political subdivision or any municipality.” The Office of the Judges of Compensation Claims (OJCC) is not a court of this State because it is neither the supreme *478 court, a district court of appeal, a circuit court, nor a county court. In Scholastic Systems, Inc. v. LeLoup, 307 So.2d 166, 170 (Fla.1974), this Court made such a statement with regard to the Industrial Relations Commission:
In recognizing the IRC as a judicial tribunal performing the functions of a court for purposes of the “due process” provision of the constitution, we do not intend to imply that the IRC is literally a “court,” for Art. V, § 1, Fla. Const., expressly prohibits the creation of any courts not expressly listed therein.
Further, more recently in Jones v. Chiles, 638 So.2d 48, 51-52 (Fla.1994), the Court found that “compensation claims judges are executive branch officials, not judicial branch officials.” Given that the OJCC is not an article V court, but rather part of an executive department, we find that this Court has no authority under the Florida Constitution, nor has this Court ever had the constitutional authority to promulgate rules of practice and procedure for this executive entity. We recede from the decision in In re Florida Workmen’s Compensation Rules of Procedure, 285 So.2d 601 (Fla.1973), to the extent that that case and all subsequent cases conclude that this Court had jurisdiction to promulgate such rules.[6] We conclude that this Court must be removed from this rulemaking process, and the rules this Court has adopted must be repealed as unauthorized under the Florida Constitution.
We further conclude that the Florida Legislature in 1974 had no authority to authorize this Court to promulgate workers’ compensation rules of procedure. This Court has noted in the past that “[a]s a general rule ... whatever power is conferred upon the courts by the Constitution cannot be enlarged or abridged by the Legislature.” Allen v. Butterworth, 756 So.2d 52, 61 (Fla.2000) (quoting State ex rel. Buckwalter v. City of Lakeland, 112 Fla. 200, 150 So. 508, 512 (1933)). To the extent that the Florida Legislature authorized this Court to promulgate workers’ compensation rules of procedure in section 440.29(3), Florida Statutes, we conclude that that this was an unconstitutional delegation of executive branch authority to the judicial branch in violation of the Separation of Powers Clause of the Florida Constitution. See art. II, § 3, Fla. Const. (“No person belonging to one branch [of government] shall exercise any powers appertaining to either of the other branches unless expressly provided herein.”).
This Court has previously found that legislative delegations of power from one branch of government to another violate the separation of powers. For example, in Jones, the petitioner, a compensation claims judge, filed a mandamus petition seeking to compel the governor to reappoint him as a judge where a statute mandated reappointment. 638 So.2d at 48, 51. In denying the petition, the Court first noted that “the legislature has chosen to place compensation claims judges within the executive branch as part of the Department of Labor.” Id. at 51. The Court ultimately held that “[h]aving determined that judges of compensation claims fall within the authority of the executive *479 branch, we conclude that section 440.45(2) violates the separation of powers doctrine to the extent that it deprives the Governor of his power to appoint and reappoint.” Id. at 52. Similarly, we conclude that by granting this Court the authority to promulgate rules of workers’ compensation procedure, the Legislature unconstitutionally enlarged this Court’s jurisdiction by delegating to it powers that belong exclusively to the executive branch of government. Were we to conclude otherwise, the Legislature would have the discretion to statutorily alter this Court’s jurisdiction under the Florida Constitution.
In conclusion, the Workers’ Compensation Rules of Procedure constitute an unconstitutional encroachment on the power of the executive branch to adopt rules of procedure for its own agencies. Accordingly, we hereby repeal this body of rules, effective immediately.[7] In order to ensure that our actions today do not create an upheaval of decades of workers’ compensation law, we hold that our repeal of the Florida Rules of Workers’ Compensation shall operate prospectively, and shall not affect any workers’ compensation proceedings that are final.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, QUINCE, CANTERO, and BELL, JJ., concur.
LEWIS, J., concurs in result only.

. In 1973, the proceedings were referred to as workmen's compensation proceedings.

. Justice England dissented from the Court’s opinion, arguing that he could not find valid authority for the Court's action. Id. at 1274-76 (England, J., dissenting). He noted that the Court did not have the authority to adopt the rules for administrative tribunals, and that article V, section 2(a) of the Florida Constitution limited the Court’s rulemaking authority to courts. Id. at 1275. He also disagreed with the conclusion that section 440.29(3), Florida Statutes (1975), conferred on this Court the authority to adopt rules, noting that without constitutional underpinnings the statute could not validly confer responsibility on this Court. Id.

. Justice England, Chief Justice at the time the opinion was issued, again dissented, citing to his 1977 dissenting opinion. See Workers' Compensation, 374 So.2d at 981 (England, J., dissenting).

. See, e.g.. In re Florida Workers' Compensation Rules of Procedure, 390 So.2d 698 (Fla.1980); The Florida Bar In re Workers’ Compensation Rules of Procedure, 460 So.2d 898 (Fla.1984); The Florida Bar In re Workers’ Compensation Rides of Procedure, 535 So.2d 243 (Fla.1988).

. See Amendments to the Florida Rules of Workers’ Compensation Procedure, 829 So.2d 791, 791 (Fla.2002); Amendments to the Florida Rules of Workers’ Compensation Procedure, 795 So.2d 863, 863 (Fla.2000); In re Amendments to the Florida Rules of Workers’ Compensation Procedure, 674 So.2d 631, 631 (Fla.1996); In re Amendments to the Florida Rules of Workers’ Compensation Procedure, 664 So.2d 945, 945 (Fla.1995).

. See Amendments to the Florida Rules of Workers’ Compensation Procedure, 829 So.2d 791, 791 (Fla.2002); Amendments to the Florida Rules of Workers’ Compensation Procedure, 795 So.2d 863, 863 (Fla.2000); In re Amendments to the Florida Rides of Workers’ Compensation Procedure, 674 So.2d 631, 631 (Fla.1996); In re Amendments to the Florida Rules of Workers’ Compensation Procedure, 664 So.2d 945, 945 (Fla.1995); Amendments to Florida Rules of Workers' Compensation Procedure, 603 So.2d 425, 425 n. 3 (Fla.1992); In re Florida Workers' Compensation Rides of Procedure, 374 So.2d 981, 981 (Fla.1979); In re Workmen’s Compensation Rules of Procedure, 343 So.2d 1273, 1274 (Fla.1977).

. We note that the rules of practice and procedure governing appeals of workers’ compensation proceedings are not affected by this repeal. The First District Court of Appeal has jurisdiction to consider appeals from workers' compensation proceedings. See Fla. R.App. P. 9.180(b)(1). Because the First District Court of Appeal is an article V court, see art. V, § 4(a), Fla. Const., this Court has jurisdiction to make rules of practice and procedure governing appeals of workers' compensation proceedings without running afoul of the Florida Constitution. See art. V, § 2(a), Fla. Const.