# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

————————————————

No. 1D2023-1498

————————————————

JESUS GONZALEZ,

Appellant,

v.

AXIOM CONTRACTING GROUP and
NATIONAL CASUALTY COMPANY,

Appellees.

————————————————

On appeal from the Office of the Judges of Compensation Claims.
Neal P. Pitts, Judge of Compensation Claims.

September 24, 2025

TANENBAUM, J.

Though Florida Rule of Appellate Procedure 9.180 specifically regulates appeals taken in workers' compensation cases, it is not the only rule that applies. *See* Fla. R. App. P. 9.180(a) ("Appellate review of proceedings in workers' compensation cases will be as in civil cases *except as specifically modified in this rule*." (emphasis supplied)); *see also* § 440.271, Fla. Stat. (providing that the filing of workers' compensation appeals with this court will be governed by rules of procedure adopted by the Florida Supreme Court). Relevant to the discussion to follow, those *other* appellate rule provisions include 9.020(h) (governing when an appealed order's rendition is tolled for the purpose of determining an appeal's timeliness) and 9.600(b) (allowing this court to authorize a lower

tribunal, including the Office of Judges of Compensation Claims ("OJCC"), "to proceed with specifically stated matters during the pendency of [an] appeal").

Rule 9.180(b)(3) states that a party to a workers' compensation proceeding has thirty days to file a notice of appeal properly invoking this court's jurisdiction to review an OJCC order. In this case, a judge of compensation claims ("JCC") issued a final compensation order ("FCO") adverse to the appellant, Jesus Gonzalez, and Gonzalez filed his notice one day beyond the thirty-day jurisdictional period. Under rule 9.020(h)(1)(B) and (2)(A), though, that thirty-day period would be tolled by motions for rehearing that both parties filed in the OJCC—the tolling not ending until *both* those motions are either withdrawn or disposed of by rendition of a written order. Far from being untimely, this appeal in fact initially appeared to be premature under subdivision (h), given the procedural posture here (as described below). Yet, there are two OJCC administrative rules that purport to countermand subdivision (h)'s operation, which—if applicable— instead would make this appeal jurisdictionally barred.

We now address why those administrative rules have no effect on our determining whether this appeal was timely filed under the supreme court's appellate rules. As we do, we also explain our decision to issue an order under rule 9.600(b) to authorize the OJCC to issue a written order disposing of the appellant's motion for rehearing—still pending by operation of rule 9.020(h), but "deemed denied" by OJCC administrative rule. Because the OJCC, by written order pursuant to that authorization, has now vacated the FCO that Gonzalez originally had appealed, we dismiss.

I

The Florida Constitution gives the supreme court the authority to "adopt rules for the practice and procedure in all courts," and those rules can include "the time for seeking appellate review." Art. V, § 2(a), Fla. Const. For workers' compensation appeals to this court, the Legislature directed that they "be filed in accordance with rules of procedure prescribed by the Supreme Court" for such review. § 440.271, Fla. Stat.; *see also* Art. V, § 4(b)(2), Fla. Const. ("District courts of appeal shall have the power of direct review of administrative action, as prescribed by

2

general law."); *cf. In re Amends. to the Fla. Rules of Workers' Comp. Proc.*, 891 So. 2d 474, 479 n.7 (Fla. 2004) (noting that, because this court "is an article V court," the supreme court has the constitutional authority "to make rules of practice and procedure governing appeals of workers' compensation proceedings"). Under this authority, the supreme court adopted a rule that required Gonzalez to file his notice of appeal within thirty days of rendition—the date the JCC "sen[t] to the parties" the order he wanted to appeal "either by mail or by electronic means." Fla. R. App. P. 9.180(b)(3); *but cf.* Fla. R. App. P. 9.020(h) (generally defining "rendition" in terms of when the written order is "filed" with the trial court's or agency's clerk).

For Gonzalez, the service-date that started the clock was Friday, May 12, 2023—when the JCC served the parties with the FCO to be reviewed. Originally, the FCO denied Gonzalez's claims for benefits but awarded him attorney's fees. On May 24, 2023, the employer filed a motion for rehearing, therein challenging the fee award. The next day, Gonzalez filed his own motion for rehearing, directed to the denial of his claims for benefits. On May 26, 2023, the JCC granted the employer's motion and amended the FCO to deny Gonzalez's fee request; he did not rule—by order—on the motion filed by Gonzalez. Gonzalez filed his notice of appeal on June 14, 2023, which, under court rules governing time computation, was one day more than thirty days following rendition of the original FCO (but fewer than thirty days from the JCC's order amending the FCO). *See* Fla. R. Gen. Prac. & Jud. Admin. 2.514(a)(1) (2024) (providing that a period "specified in any rule of procedure" begins "from the next day *that is not a Saturday, Sunday, or legal holiday*" but then includes "intermediate Saturdays, Sundays, and legal holidays" (emphasis supplied)).

But Gonzalez's appeal is *not* untimely. This is so because the event triggering the running of the thirty-day appeal period was tolled. The supreme court adopted a separate rule that postpones rendition upon the filing of one of several "authorized and timely filed" motions. Fla. R. App. P. 9.020(h)(1). Among the identified motions is the motion for rehearing. *Id.* (1)(B). When an "authorized and timely" motion for rehearing is filed, the final order to be reviewed is "not deemed rendered as to any existing party until" that motion is "either withdrawn . . . or resolved by the

3

rendition of an order disposing of" it. Fla. R. App. P. 9.020(h)(2)(A). This provision is written broadly enough to include motions authorized by the OJCC, even though it is "not an article V court, but rather part of an executive branch department." *In re Amends.*, 891 So. 2d at 478; *see also Jones v. Chiles,* 638 So. 2d 48, 51–52 (Fla. 1994) (noting that "compensation claims judges are executive branch officials, not judicial branch officials"); Fla. R. App. P. 9.020(c) (defining "court" to include only those article V courts empowered to engage in appellate review). The OJCC nevertheless is a "lower tribunal" engaged in quasi-judicial administrative action subject to an article V court's appellate review. *See* Fla. R. App. P. 9.020(a), (e). In this respect, then, an OJCC-adopted rule authorizing a motion for rehearing would trigger the tolling as set out by rule 9.020(h). OJCC has adopted such a rule. *See* Rule 60Q-6.122(1), Fla. Admin. Code; *see also* § 440.29(3), Fla. Stat. ("The practice and procedure before the judges of compensation claims shall be governed by rules adopted by the Office of the Judges of Compensation Claims. . . .").

But that is as far as the administrative rule's effect goes in this appellate proceeding. Under a strict application of the *supreme court's* rules of procedure (not to mention, in compliance with the legislative directive in section 440.271, Florida Statutes, that workers' compensation appeals accord with those rules), the two motions for rehearing, each timely filed, clearly postponed the FCO's rendition date as to the parties until the JCC disposed of *both* motions. Some confusion appears to persist here, though, because of what the just-mentioned administrative rule says next. The rule authorizing a motion for rehearing also states that such a motion "does not toll the time within which an order becomes final or an appeal may be filed." Rule 60Q-6.122(3), Fla. Admin. Code.

There should be no confusion. The supreme court "lacks the authority to promulgate rules of workers' compensation procedure" that would govern proceedings in the OJCC, an "executive [branch] entity"; to do so would violate the Florida Constitution's separation-of-powers mandate. *In re Amends.*, 891 So. 2d at 477, 478. So the converse also must be true: the OJCC lacks authority to promulgate rules that would govern appellate proceedings in this court. This especially must be the case regarding time periods

4

set by the supreme court for taking appeals, which are jurisdictional. *See State ex rel. Diamond Berk Ins. Agency, Inc. v. Carroll*, 102 So. 2d 129, 131 (Fla. 1958) ("The timely and proper filing of a notice of appeal is a jurisdictional essential to enable an appellate court to exercise its power."). The OJCC simply has no authority to intervene, by administrative rule, in our exercise of jurisdiction within the parameters the supreme court has prescribed by rule. *Cf. Ninja Acad., Inc. v. Fla. Dep't of Agric. & Consumer Servs., Div. of Food, Nutrition, & Wellness*, No. 1D2022-1139, 2025 WL 2233403, at *1 (Fla. 1st DCA Aug. 6, 2025) (observing that an administrative agency cannot "vest jurisdiction" in a district court by rule).[1]

Moreover, the OJCC's administrative rule impedes the policy behind the supreme court's tolling rule, as this case illustrates. If an authorized motion for rehearing does not extend the date of the final order's rendition, an appellant would have no choice but to appeal an order that still is subject to modification or withdrawal by the JCC. When the JCC then grants one motion for rehearing but fails to rule on a separate motion for rehearing—which is what happened here—a question arises regarding what order is subject to review on appeal: the original final order, the order granting

---

[1] We acknowledge that this court at least once in the past observed that under the administrative rule, "a motion for rehearing in a workers' compensation case, unlike a motion for rehearing in a civil case, does not suspend the date of rendition of the order to which it was directed." *Caldwell v. Wal-Mart Stores, Inc.*, 980 So. 2d 1226, 1228 (Fla. 1st DCA 2008). This is dicta because the decision involved a non-final administrative order and a motion for *reconsideration*, and the question the court had to answer there was limited to whether a petition for writ of certiorari was time-barred by a separate thirty-day filing period established by the supreme court. *See State ex rel. Biscayne Kennel Club v. Bd. of Bus. Reg. of Dep't of Bus. Reg.*, 276 So. 2d 823, 826 (Fla. 1973) (explaining that a statement in a judicial opinion "not essential to the decision of th[e] court" is "without force as precedent"); *Pedroza v. State*, 291 So. 3d 541, 547 (Fla. 2020) (explaining that "[a]ny statement of law in a judicial opinion that is not a holding is dictum").

rehearing, or the amended final order? *Cf. St. Moritz Hotel v. Daughtry*, 249 So. 2d 27, 28 (Fla. 1971) (determining under prior rules that when the time would run for appealing an order or judgment that has been altered on rehearing turn on whether "the modification or amendment materially changes the original order or judgment"). The tolling provided by rule 9.020(h) obviates any question on this and makes clear that a final order is not rendered until *all* motions are withdrawn or disposed of by order; the OJCC cannot adopt an administrative rule that interferes with a judicial policy choice made by the supreme court.

To be sure, the supreme court's rule on delaying rendition provides that tolling occurs "unless another *applicable* rule of procedure specifically provides to the contrary." Fla. R. App. P. 9.020(h)(1) (emphasis supplied). This caveat, however, does not reference administrative agency rules. At most, the reference is to an applicable rule of *court* procedure. *Cf.* Fla. R. Gen. Prac. & Jud. Admin. 2.120 (referring to a "rule of practice or procedure" as a "*court* rule" (emphasis supplied)); Fla. R. Gen. Prac. & Jud. Admin. 2.140 (referring consistently to "rules of court"). The better reading is that the provision references an applicable *appellate* rule—the appellate rules expressly controlling "all proceedings" in this court over "*any* conflicting rules of procedure." Fla. R. Gen. Prac. & Jud. Admin. 2.130 (emphasis supplied); *see also* Fla. R. App. P. 9.010 (providing that the appellate rules "supersede . . . all conflicting rules of procedure," as provided by rule 2.130). For several possible examples in the appellate rules where rule 9.020(h)'s generalized tolling would be specifically modified under this exception, see Florida Rules of Appellate Procedure 9.130(a)(5), 9.146(i)(2), and 9.180(b)(2).

Notwithstanding the OJCC's rules, then, Gonzalez's motion for rehearing tolled the FCO's rendition date, so his appeal cannot be untimely.

## II

One more procedural problem arose in this case. As noted, the JCC ruled on the *employer's* motion for rehearing; he did not enter a written order on Gonzalez's motion. Neither party noted this, presumably because under the OJCC's rules, if a JCC has not decided the motion within ten days, it is "deemed denied." Rule

6

60Q-6.122(1), Fla. Admin. Code. Still, we are required by *court* rule to hold an appeal in abeyance until a pending rehearing motion is withdrawn or "resolved by the *rendition of an order*"—"rendition" being "when a *signed, written* order is filed with the clerk of the lower tribunal." Fla. R. App. P. 9.020(h), (h)(2)(C) (emphases supplied).[2] We explained above, and we state again: appellate procedure in this court—especially when it affects timeliness and jurisdiction—is governed by the supreme court's promulgated rules, not by the OJCC's administrative rules, promulgated from within the executive branch. There is nothing wrong with OJCC's deeming a rehearing motion as denied based on the passage of time for its own internal purposes, but the rules governing how *we* operate include a requirement that there be a "signed, written order" on a tolling motion before the rendition occurs that then would allow an appeal in this court to move forward.

To resolve this abatement problem, we utilized another generally applicable rule: Florida Rule of Appellate Procedure 9.600. That rule allows this court to authorize the lower tribunal— here, the OJCC—"to proceed with specifically stated matters

---

[2] Just because there is a specific rule governing workers' compensation appeals (*viz.* Florida Rule of Appellate Procedure 9.180) does not mean those appeals are excepted from all other appellate rules of general application. As with any other appeal from administrative action, these appeals are governed by *all* the rules applicable in civil appeals, "except as *specifically* modified." Fla. R. App. P. 9.180(a) (emphasis supplied); *see also* Fla. R. App. P. 9.190(a). There is a specific modification to rule 9.020(h)'s definition of rendition—the time for commencing an appeal running from when the order to be reviewed is *sent* to the parties rather than from when the order is *filed* with the agency clerk. *Compare* Fla. R. App. P. 9.020(h), *with* Fla. R. App. P. 9.180(b)(3). Missing is a specific modification to the remainder of rule 9.020(h), which generally governs tolling (and un-tolling) of rendition. Indeed, rule 9.180 specifically contemplates there being a written order on a motion for rehearing. *See* Fla. R. App. P. 9.180(f)(1) (requiring that the appellate record include, among other things, any motion for rehearing, any response thereto, and the order on the motion).

7

during the pendency of the appeal," if the tribunal already "has been divested" of jurisdiction by appeal, which was the case here. Fla. R. App. P. 9.600(b).[3] Under this rule, we issued an order explaining the problem and granting the OJCC concurrent jurisdiction to render a written order disposing of the rehearing motion. The JCC assigned to the case did render such an order. That order, however, *granted* Gonzalez's motion and vacated the FCO that Gonzalez had appealed. That now leaves us without an order on review.[4]

DISMISSED.

ROBERTS and ROWE, JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

Patrick John McGinley of Law Office of Patrick John McGinley, P.A., Winter Park, and R. Dale Albright II of The Leach Firm, Winter Park, for Appellant.

Samuel B. Spinner, Hinda Klein, and Jesse Dyer of Conroy Simberg, Hollywood, for Appellees.

---

[3] Once again, we note the absence of a *specific* modification to this general rule. Rule 9.180 addresses relinquishment of jurisdiction to the OJCC in the event of a settlement. *See id.* (c). This provision, addressing a situation unique to workers' compensation proceedings, does not operate to limit application of rule 9.600.

[4] Following the JCC's order, the appellees filed with us a motion for clarification that questioned our application of the rules in this matter. Because we answer those questions here, we deny the motion as moot.

8